**Lester B. URSCHEL, Appellant,**

v.

**Will CROW, Appellee.**

**No. 6784.**

Court of Civil Appeals of Texas.

Amarillo.

June 9, 1958.

Rehearing Denied June 23, 1958.

Sturgeon & Thompson, Pampa, for appellant.

Lumpkin & Watson, Amarillo, for appellee.

NORTHCUTT, Justice.

For a statement of the case we will use the wording of appellant. "This suit was instituted by Attorney Will Crow, appellee, against the appellant on February 4, 1957, wherein the appellee sued the appellant for $5,000.00 as attorneys fees for services rendered for the estate of D. F. Urschel, deceased father of appellant. The original petition was signed by Will Crow, Per Se. Thereafter, on April 26, 1957, appellant filed his original answer containing special exceptions, general denial and a special plea of payment. On May 22, 1957, appellee filed an amended petition setting up that he rendered legal services for the estate of D. F. Urschel, deceased, since May 19, 1955, and for such services, he was entitled to recover from appellant the sum of $5,-000.00 as fees. This pleading also contains an allegation and a prayer for $1,250.00 additional attorneys fees due the firm of Lumpkin & Watson of Amarillo, Texas, in representing appellee in said cause. On August 29, 1957, appellant filed his first supplemental answer replying to appellee's first amended original petition. On November 2, 1957, appellee filed his first supplemental petition. Based upon the foregoing pleadings, the issues in the case were drawn and it proceeded to trial before a jury. The case was submitted to the jury upon special issues in answer to which the jury returned a verdict allowing appellee Will Crow $4,000.00 as attorneys fees for alleged services rendered appellant, and his attorneys of record, Lumpkin & Watson, the sum of $500.00 in representing appellee in said suit. On December 6, 1957, the trial court entered its judgment against the appellant in the amount of $4,000.00, as a recovery in favor of appellee and in the amount of $500.00 as a recovery in favor of Lumpkin & Watson, attorneys of Amarillo, Texas, to which judgment appellant in open court excepted and gave notice of appeal to this Court. Appellant filed his motion for new trial in the court below on December 6, 1957. On December 16, 1957, the trial court overruled appellant's motion for a new trial, to which the appellant again in open court excepted and gave notice of appeal to this Court. On December 16, 1957, appellant as principal, and A. V. Mc-Quiddy and Norman McGill as sureties, filed with the District Clerk an appeal and his supersedeas bond in the amount of $9,-000.00, as required by law, which said bond was duly approved on the same date."

Appellant presents this appeal upon nine assignments of error. By points one and two, appellant contends the judgment allowing $4,000 to appellee for his services, and allowing $500 to appellee's attorneys, was excessive, and by points three and four the evidence was insufficient to support such a judgment or the verdict of the jury in finding such amounts.

■ We know of no certain way of determining the exact amount that an attorney's services are worth to his client. If the ingenuity of an attorney should clear a man of murder and save him from the electric chair, would the attorney be entitled to the remaining portion of the man's life? The estate involved, under the undisputed record, was worth in excess of one million dollars. The amount of estate taxes paid was approximately $140,000. Considerable testimony was given as to the services rendered to the appellant by the appellee. Attorneys that testified as to the value of appellee's services were not in agreement. The evidence varied from several hundred dollars to $5,000. The jury after hearing all the testimony found the above amount to be reasonable. The amount as found by the jury was approximately 3 per cent of the tax actually paid. We are of the opinion that the evidence was sufficient to support the verdict of the jury and judgment of the court and that said amounts as were found are reasonable. Appellant's first four points of error are overruled.

■ By appellant's points five and eight it is contended that the court erred in permitting appellee to testify as to transactions

he had with D. F. Urschel, deceased father of appellant, prior to May 19, 1955, and in compelling appellant to testify that appellee had represented appellant's father and mother during their lifetime and after their demise because such matters occurred prior to May 19, 1955, since appellee had been paid for everything he did prior to May 19, 1955. We are of the opinion this evidence was admissible in helping to show the assistance appellee was able to give to the appellant from appellee's files. It is undisputed that as soon as appellant hired additional counsel they went to appellee's office to go over his files and at the final hearing appellee's files were used. But should we be wrong in so holding we are unable to hold that such evidence was such as was reasonably calculated to cause and probably did cause the rendition of an improper judgment against the appellant. Rule 434, Texas Rules of Civil Procedure provides:

"Provided, first, that no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court; and if it appear to the court that the error affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by such error." See also Leyendecker v. Harlow, Tex. Civ.App., 189 S.W.2d 706 (writ refused WM)

This rule seems to be so well established that further authorities will not be cited. Appellant's points five and eight are overruled. What we have said here also applies to appellant's points six and seven concerning the admissibility of certain testimony.

By appellant's ninth assignment of error it is contended that the court erred in granting appellee's counsel judgment for services in representing him in this trial since appellee was a practicing attorney at law and had been for many years and was both physically and mentally able to represent himself in this suit. We are of the opinion that an attorney may employ someone to represent him the same as any other person. We do not understand that Article 2226 of Vernon's Annotated Texas Civil Statutes makes any distinction as to a class of persons having the right to employ counsel. Burnett v. Graves, 5 Cir., 230 F. 2d 49, 56 A.L.R.2d 1. Appellant's ninth point of error is overruled. Judgment of the trial court is affirmed.