■ The evidence is sufficient to sustain the conviction.

The judgments are affirmed.

Opinion approved by the Court.

J. W. YOUNGBLOOD, Appellant,

v.

WILSON & CURETON, Appellee.

No. 15978.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 13, 1959.

Rehearing Denied March 13, 1959.

Dunnam & Dunnam, and Vance Dunnam, Waco, for appellant.

Mixson & Haley and W. C. Haley, Waco, for appellee.

MASSEY, Chief Justice.

From a judgment for attorneys, the plaintiffs Wilson and Cureton, in a suit for attorney's fees and for attorney's fees for their collection under Article 2226, Vernon's Ann.Civ.St., defendant J. W. Youngblood appealed.

Judgment affirmed.

█ The defendant protests the recovery by the lawyer plaintiffs of attorney's fees for the representation of them by an attorney. The contention is that the provisions therefor in Article 2226, where the suit is for "personal services rendered, labor done," was intended to apply in cases where the plaintiff was a laborer, servant, clerk, nurse, or other person who performed manual labor or menial services and not for professional services of an attorney. That we should so construe the statute was urged on the premise that it is penal in nature like other similar statutory provisions authorizing the recovery of attorney's fees in derogation of the common law and that the courts should apply the rule of strict construction in favor of him against whom the penalty is sought to be assessed. Our search discloses that the law in said respect has already been settled to the contrary of the defendant's contention. An attorney's services are for "personal services rendered" or "labor done" and if he elects to employ another attorney to collect his compensation he is entitled to recover attorney's fees if successful in his suit. Huff v. Fidelity Union Insurance Co., Tex.1958, 312 S.W.2d 493; Urschel v. Crow, Tex. Civ.App., Amarillo, 1958, 314 S.W.2d 423, writ refused, n. r. e.

█ The defendant contends that the judge in the trial court erred upon the receipt of information to the effect that the jury could not agree on the answer to Special Issue No. 2 (being the issue on the reasonable amount to be allowed to the plaintiffs Wilson and Cureton as attorney's fees for professional representation of the former wife of the defendant) in instructing the jury to "proceed as instructed" in the original charge.

The facts are these: About an hour and one-half following the time the jury retired to deliberate upon its verdict it sent a message to the judge via the bailiff, stating that it could not agree upon an answer to the issue in question. It was then that the note was sent to the jury by the judge directing the jury to "proceed as instructed" in the original charge. Counsel for the defendant was present and did not protest until after the note had already been delivered by the bailiff and then took exception to the consummated action. He requested that the jury be brought back into open court and instructed that it did not have to arrive at a verdict if it could not agree. About forty minutes later the entire jury returned into open court and the foreman informed the court, "I don't believe we can ever agree on Special Issue No. 2." The judge then instructed the jury to return the following morning and proceed further to deliberate. It did return the following morning and after one hour and fifteen minutes it returned a complete verdict into court. At the instance of counsel for the defendant the court polled each individual member of the jury and each member stated that the verdict which had been returned into court was his verdict. The jury was then discharged.

In addition to the exception taken by the defendant after the bailiff had delivered the note to the jury, he took exception to the action of the court at the end of the first day, in ordering a return the following morning, when the foreman stated that he did not believe the jury could agree on an answer to Special Issue No. 2.

The defendant contends that under the circumstances the verdict returned was induced by coercion of the court, and that the jurors answered Special Issue No. 2 because an answer was compelled. The defendant points to the language of the original charge in which the usual terms "you will elect * * * and then take up the questions submitted to you and answer them separately" and "You are instructed * * * but you will answer the issues in this charge * * *." He contends that the fact of coercion is not to be doubted when it is observed that the court refused to instruct the jury that it was not compelled to agree on a verdict despite his motion that such be done.

We see no error of the character for which the defendant contends. The irregularity in the manner of communication with the jury was certainly harmless in this instance. Here we have a complete absence of any demonstration that any juror was misled by the instructions of the trial judge, whether by way of the note or by reason of his later delivered directions to return the following morning. There was no tender of any evidence on the defendant's motion for new trial. In such circumstances no error of commission on the part of the court is demonstrated and no erroneous result may be implied. No element indicative of coercion may be said to exist. See McDonald's Texas Civil Practice, Vol. 3, pp. 1227–8, "Jury Trial: Deliberations," sec. 14.03, "Communication with Jury During Deliberations. —B. By Judge"; 41–B Tex.Jur., p. 408, "Trial—Civil Cases," sec. 328, "Coercion and Urging Agreement of Jury."

Judgment affirmed.