**Bennie Mae MYLES et al., Appellants,**

**v.**

**A. J. JACKSON GARBAGE DISPOSAL SERVICE et al., Appellees.**

**No. 4430.**

Court of Civil Appeals of Texas.

Waco.

March 24, 1966.

Rehearing Denied April 14, 1966.

Fulbright, Crooker, Freeman, Bates & Jaworski, Wayne Fisher, Raymond L. McDermott, James R. Tucker, Mabel Grey Howell, Houston, for appellants.

Banister, Boswell & O'Toole, Houston, for appellees.

WILSON, Justice.

Myles was killed when the lumber truck he was driving collided with defendants' garbage truck which he met at a sharp curve in a highway. The suit for damages resulted in a judgment for defendants on jury findings that Myles' negligence as to speed, lookout and application of brakes proximately caused the collision. We affirm.

Appellants complain that the trial court erred in accepting a partial and incomplete verdict. The jury answered every issue on which findings were required except the damage issue, which was not related to negligence or proximate cause. The finding on the damage issue was immaterial under this state of the record, and the verdict was properly received. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334, 335; Shiflett v. Bennett Printing Co., Tex.Civ.App., 330 S.W. 2d 220, 221, no writ.

Points that there is no evidence, or insufficient evidence, to support findings of Myles' negligence, and proximate cause, have been considered and are overruled.

It is contended the court improperly coerced an agreement by the jurors on the verdict, and erred in overruling plaintiffs' two motions to declare a mistrial. The facts emphasized by appellants are summarized as follows: Trial of the case consumed five days. Plaintiffs' counsel had made a "hung jury" argument, contrary to the court's instruction, to the effect that plaintiffs "would rather have a hung jury" than to have jurors "let themselves be talked into siding with the defendant." For disobedience of the instruction he was fined for contempt. The jury retired to deliberate at 1:45 P.M. on Friday, and recessed at 4:30 to resume on Monday at 9:00 A.M. It recessed at 4:30 P.M. on Monday, with a 1½-hour lunch period. On Tuesday deliberations continued from 9:00 A.M. to 5:30 P.M., except for the lunch hour. During this day the jury inquired of the court, "Who decides when the jury is deadlocked?" There was no other indication as to whether the jury could not agree on a verdict.

On Wednesday about 9:30 A.M., after deliberations began for the day, plaintiffs' counsel made a motion to discharge the jury and declare a mistrial, which was overruled. The jury continued deliberations until noon,

when they returned to the jury box. The court inquired of the foreman whether he believed a verdict could be reached. Upon receiving a negative answer, the court read, by agreement, the answers which had been completed, and received them as the verdict.

On Monday the jury requested additional definitions of terms used in two issues. The court substituted other issues for these by agreement of the parties. During that day, also, time was consumed in reading the testimony of two witnesses at the jury's request. This testimony concerned the issue of intoxication of deceased, about which the jury asked various questions. On Tuesday afternoon the court, with approval of counsel for plaintiffs, asked how many issues had been answered, and received the reply: "seventeen." Just after adjournment plaintiffs made a motion that the "court declare a hung jury" and order a mistrial, which was overruled. At this time, at defendants' request, the intoxication issue was withdrawn from consideration.

Rule 289, Texas Rules of Civil Procedure provides the jury may be discharged when they have been kept together for such time as "to render it altogether improbable that they can agree." There is nothing in the record to indicate that this point had ever been reached before the court was informed the jury was unable to reach agreement on the damage issue, and the verdict was received.

In our opinion the record reflects no abuse of discretion, and the overruling of appellants' motion was not error. See Youngblood v. Wilson & Cureton, Tex.Civ. App., 321 S.W.2d 887, writ ref. n. r. e.; Pope, The Judge-Jury Relationship, 18 S.W. Law J., 46, 60; 3 McDonald, Texas Civil Practice, Sec. 14.03, p. 1227; 109 A.L.R. 72; 19 A.L.R.2d 1258.

Appellants' points are overruled. Affirmed.