Angus T. **BENTON** et al., Appellants,

v.

B. F. **WALKER TRUCK LINE, INC.**, et al., Appellees.

No. 4575.

Court of Civil Appeals of Texas.

Waco.

Jan. 12, 1967.

Rehearing Denied Feb. 2, 1967.

Powell, Tucker, Kain & Reedy, Paul A. Tucker, Tom F. Coleman, III, Houston, Fulbright, Crooker, Freeman, Bates & Jaworski, Gibson Gayle, Jr., Houston, for appellants.

Baker, Botts, Shepherd & Coates, Alvin M. Owsley, Jr., Houston, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from a judgment for defendant in an automobile-truck collision case.

Plaintiff Benton sued defendant Walker for damages sustained by plaintiff when an automobile driven by plaintiff collided with defendant's truck which had stopped on the highway. Trial was to a jury, which found defendant negligent, and found plaintiff contributorily negligent. The jury further found plaintiff, immediately before the collision, was acting under an emergency. The conflict in the answers of plaintiff's negligence, and acting under an emer-

gency, was discovered by the trial judge and he returned the jury to the jury room, after which the jury returned its final verdict, finding that plaintiff had not acted under an emergency. The jury answered the general damage issue as to plaintiff's pain, suffering, and loss of earnings "None"; although they found plaintiff's medical expenses to be $800; and future medical expenses to be $12,000; and damage to plaintiff's automobile to be $1800. The trial court entered judgment for defendant on the verdict.

Plaintiff filed motion and amended motion for new trial, alleging jury misconduct. After hearing, the trial court overruled such motions.

Plaintiff appeals on 8 points, contending:

1) The trial court erred in refusing to grant plaintiff a new trial because of jury misconduct consisting of discussions by jurors of insurance benefits paid plaintiff; and of state laws.

2) The trial court erred in not granting a mistrial when the jury answered the general damage issue "None", and the evidence was undisputed plaintiff suffered pain and lost wages.

3) The trial court erred in not granting a mistrial when the jury first announced a verdict revealing a conflict between issues, finding plaintiff contributorily negligent, and acting under an emergency.

Plaintiffs' first contention complains of alleged jury misconduct. The record reflects that one of the jurors made mention of insurance; that one or two of the jurors discussed putting out of flares when a truck stops on the road; whether a lawyer would get any money; and state laws governing truck driving. The record further reflects that the jury foreman, each time topics not in evidence were mentioned, cautioned the jurors to "stick to the facts," and to "stop talking about matters not pertaining to the facts."

Rule 327 Texas Rules of Civil Procedure requires the trial court to grant a new trial where the jury misconduct is material, and "if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party."

Under the record none of the matters complained of relate in any way to plaintiff's failing to drive on the provisional roadway; his failure to keep a proper lookout, or driving his car at a negligent rate of speed, all of which the jury found proximately caused the collision. Nor do any of the matters complained of relate in any way to whether or not plaintiff was acting under an emergency immediately before the collision.

■ It cannot be said the complained of misconduct was either reasonably calculated to or probably did cause the rendition of an improper judgment. See State of Texas v. O'Dowd, 158 Tex. 348, 312 S.W. 2d 217.

Plaintiffs' second contention is the trial court should have granted a mistrial because the jury answered "None" to the general damage issue, when the record is undisputed there were some damages.

■ Since the jury found that plaintiff was negligent, the finding on the damage issue was immaterial. Southern Pine Lbr. Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334; Myles v. A. J. Jackson Garbage Disposal Service, CCA (nwh) 401 S.W.2d 723.

■ Plaintiffs' third contention is the trial court should have discharged the jury and granted a mistrial when the jury first announced a verdict in which there was a conflict between issues finding plaintiff negligent, and in acting under an emergency.

Rule 295, T. R. C. P. provides that if a jury verdict be defective "or contains conflicting findings, the court *shall* call the

jury's attention thereto in writing and send them back for further deliberations." In the case at bar the trial court simply followed the rule, and the jury resolved the conflict.

All plaintiffs' points and contentions are overruled.

Affirmed.