**J. O. BAILEY et ux., Appellants,**

**v.**

**James W. MARTIN, Appellee.**

**No. 4608.**

Court of Civil Appeals of Texas.

Waco.

April 27, 1967.

Rehearing Denied May 18, 1967.

D. L. McClure, Jim Brannon, Houston, for appellants.

Martin & Knox, Jack R. Martin, Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs from a judgment for defendant, in an intersection collision case.

Plaintiffs Bailey and wife sued defendant Martin for damages resulting from a collision between plaintiffs' automobile and defendant's automobile at the intersection of Wakefield and Piney Woods Street in Houston.

Trial was to a jury which found defendant guilty of a number of acts of negligence proximately causing the collision; and further found that plaintiffs: 1) failed to keep a proper lookout; 2) failed to make proper application of brakes; and that both the foregoing were proximate causes of the collision. The jury fixed plaintiffs' damage at $2,000.

The trial court entered judgment on the verdict for defendant.

Plaintiffs appeal on seven points, contending:

1) There is no evidence to support the findings: 1) that plaintiffs failed to keep a proper lookout; 2) that plaintiff failed to properly apply his brakes; and 3) that plaintiff's failure to apply brakes proximately caused the collision; and that such findings are contrary to the overwhelming preponderance of the evidence.

2) The finding that plaintiffs were damaged only $2,000 is contrary to the overwhelming weight of the evidence.

The collision occurred on the morning of January 13, 1964. The plaintiffs were traveling east on Wakefield Street; defendant was traveling north on Piney Woods Street. The witness Officer Peace testified that plaintiff told him that "he was driving along and didn't see (defendant's) car until it was right on him;" and that plaintiff told him "he first saw defendant's car just before it hit him." Plaintiff testified: "* * * when you pass that house like I was * * * you can see almost halfway of the next block and I could see the car."

Plaintiff testified that he slowed down for the intersection to 15 miles per hour; "that he touched his brakes but didn't stay on them to the extent of stopping"; that he thought defendant was going to stop at a stop sign (which the jury found was not there); that when he saw defendant wasn't going to stop, "he got on the gas to try and get out of the way"; "that he never applied his brakes prior to the collision no more than slowing down to go through the intersection."

774

We think the evidence ample to support the jury's findings that plaintiff failed to keep a proper lookout; and failed to properly apply his brakes (and which was a proximate cause of the collision).

Since the jury found plaintiff was negligent, the finding on the damage issue was immaterial. Benton v. Walker Truck Line, Tex.Civ.App., 410 S.W.2d 822; Southern Pine Lbr. Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334.

All plaintiffs' points are overruled.

Affirmed.