**Richard E. CONREY, Appellant,**

v.

**Dr. Frank O. McGEHEE et al., Appellees.**

**No. 527.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 3, 1971.

Rehearing Denied Dec. 1, 1971.

John H. Holloway, Houston, for appellant.

Frank B. Davis, Andrews, Kurth, Campbell & Jones, Houston, for appellees.

SAM D. JOHNSON, Justice.

Medical malpractice suit instituted by appellant Richard E. Conrey against appellees, Doctor James E. Cook, Jr., and Doctor Frank O. McGehee. Following trial before a jury in the District Court of Harris County, judgment was rendered that plaintiff take nothing.

The essential facts obtained from the record are as follows:

On October 2, 1965, plaintiff dislocated his right little finger while attempting to field a batted ball in a softball game. He was driven to the Spring Branch Memorial Hospital and from there was referred to the office of Dr. Cook for treatment. En route to the hospital plaintiff pulled on his injured finger popping it back into position. Dr. Cook x-rayed the finger and, having diagnosed a contusion of the second joint, applied a splint. The angle at which the finger was splinted is disputed. Dr. Cook prescribed medication, directed plaintiff to pack the finger in ice the first 24 hours and then to soak it in a hot solution during the following 24 hours. Dr. Cook's records indicate that plaintiff was instructed to return for a subsequent visit in one week, but that no such visit was made. Plaintiff contends that no such instruction was given.

Three months after the foregoing treatment, plaintiff visited a second physician, Dr. McGehee. X-rays by Dr. McGehee revealed a partial dislocation due to a tear in the extensor hood tendon, and corrective surgery was recommended. The surgery was performed by Dr. McGehee January 11, 1966, during which both skin and tendon sutures were applied. The surgery was followed by several office visits during which the tendon sutures appeared to be functioning satisfactorily. Exercises for plaintiff's finger were begun on the January 26th visit. On January 28, 1966, Dr. McGehee's nurse, consistent with Dr. McGehee's custom, removed the skin sutures and, according to plaintiff's testimony, also cut one tendon suture which was revealed in the bottom of the open wound caused by the surgery. The skin sutures and tendon sutures were of identical slender, bright woven wire. Later plaintiff testified without contradiction by defendants that just after the outset of a skin graft performed February 9, 1966, Dr. McGehee suddenly became angry with his nurse, and shouted "(d)on't you know the difference between a suture?". X-rays taken April 25, 1966, disclosed that 3 of the 6 tendon sutures had come loose, and Dr. McGehee thereafter referred plaintiff to Dr. Riordan, a specialist in hand surgery who practices in New Orleans. Dr. Riordan performed an arthrodesis, or fusion of the finger bones in a position of function, to relieve pain and afford stability to the damaged finger.

Plaintiff-appellant's petition alleged negligence on the part of Dr. Cook and Dr. McGehee in their treatment of the injury to plaintiff's finger, and negligence on the part of Dr. McGehee's nurse in cutting the surgical suture after surgery. The jury answered all the issues pertaining to Dr. Cook favorable to him, and the damage issue pertaining to Dr. Cook was answered "none". In regard to issues inquiring into the negligence of Dr. McGehee, the jury failed to answer issues asking (1) whether his nurse cut a tendon suture, and (2) whether Dr. McGehee

should have permitted his nurse to remove the plaintiff's sutures, and (3) made no answer to the damage issue. The court granted an instructed verdict to Dr. McGehee and entered a take nothing judgment based upon the verdict of the jury in behalf of Dr. Cook and the instructed verdict in favor of Dr. McGehee. Appellant's motions for a mistrial and for a new trial were overruled, and he duly perfects appeal to this court.

■■■ Appellant brings nine points of error in support of his prayer for reversal. The first asserts error by the trial court in denying appellant's motions for mistrial, based upon the jury's inability to return a unanimous verdict. The fourth asserts error by the trial court in causing continued jury deliberation after appellant's first motion for mistrial. The initial motion for mistrial came after approximately four hours of deliberation and the verdict absolving Dr. Cook was returned before the second motion was lodged. In all the jury deliberated something less than 7 hours. The length of time the jury is to be held in an effort to secure an agreement is left to the discretion of the trial judge. See Myles v. A. J. Jackson Garbage Disposal Service, 401 S.W.2d 723 (Tex.Civ.App.— Waco 1966, no writ). He is accorded considerable latitude to return the jury for continued deliberation, short of genuine prejudice to a party. Nothing appears from the record to suggest that it was "altogether improbable" that the jury could agree (Rule 289) as of the time they were returned to deliberate, nor does appellant submit any authority holding otherwise. Points 1 and 4 are overruled.

■■■ Appellant's second point of error is, "The Court erred, and abused its discretion, in basing the judgment on an alleged partial verdict and a belated motion for instructed verdict where the issues of two defendants' negligence were so closely related." Under such point appellant contends that the verdict as to Dr. Cook was not a valid verdict. "When the jurors re-

port their inability to agree upon a verdict in a cause submitted on special issues, it is proper for the trial court to direct that they present a verdict on such issues as they have been able to answer." McDonald, 3 Tex.Civ.Practice, Sec. 15.08. Here, as to Dr. Cook, unanimous negative answers were returned on three special issues. The other issues relating to Dr. Cook were left unanswered because they were conditioned on affirmative responses to the three which were answered negatively. The verdict on these issues pertaining to Dr. Cook was signed by the jury foreman, filed and accepted by the court.

Appellant's second point of error also questions the timing and sufficiency of appellees' motion for instructed verdict. Appellant cites no authority, however, as to why the motion should be considered "belated". Appellees' motion was first made at the conclusion of appellant's evidence and was renewed at the conclusion of appellees' evidence. The motion granted was the renewed motion dated June 9, 1970, signed nunc pro tunc, January 8, 1971. No new ground for instructed verdict as to Dr. McGehee was offered in the subsequent written motion. While it is true, as appellant contends, that Rule 268 requires the grounds for an instructed verdict to be specified, appellees' original motion complies with that rule, asserting that there is no evidence that cutting one suture was negligence and that regardless there is no evidence that cutting one tendon suture did or could proximately cause injury to plaintiff. Further, Arnold v. Tarrant Beverage Co., 215 S.W.2d 894 (Tex.Civ.App.—Galveston 1948, writ ref'd n. r. e.), cited in appellant's brief, holds, on the basis of Harvey v. Elder, 191 S.W.2d 686 (Tex.Civ.App.—San Antonio 1945, writ ref'd), that plaintiff can waive failure of defendant to specify grounds for an instructed verdict by not excepting to defendant's motion. Plaintiff here failed to except to defendant's motion for instructed verdict, made at the conclusion of plaintiff's evidence.

Appellant further contends that judgment on the jury verdict and motion for instructed verdict was error because the issues of the negligence of the two defendants were "so closely related." Appellant tenders no explanation as to how any negligence of the defendants was closely related, nor is there reference to any authority to determine why judgment on such allegedly related negligence would be improper. Appellant's second point of error is overruled, along with appellant's fifth point of error alleging an erroneous judgment, since it assumes an invalid verdict and motion for instructed verdict.

■ Appellant's third point of error is that "The Court erred, and abused its discretion, in directly communicating with the jury by examining the verdict and then returning the jury for clarification of partial answers." A trial court's examination of the charge and inquiring whether the jury could answer any question unanimously is not condemned by either the rules or the cases cited by appellant. Houston Electric Co. v. Lee, 162 S.W.2d 692 (Tex. Comm'n App.1942, opinion adopted) holds that communication between the court and the jury must be in open court so that counsel may be present. The instant communication was in open court, before both attorneys. Appellant's third point of error is overruled.

■ Appellant's sixth point of error contends that the trial court erred in granting the motion for instructed verdict for Dr. McGehee because of the existence of issues of fact regarding negligence and proximate cause. Appellant correctly contends that any probative evidence in favor of appellant renders an instructed verdict improper. However, while there is some evidence to suggest that Dr. McGehee's nurse cut a tendon suture and was thereby negligent, there is *no* evidence that such cutting was the proximate cause of any damage to appellant, and appellant's brief does not indicate any such evidence. Instead, appellant cites Martisek v. Ains-worth, 459 S.W.2d 679, (Tex.Civ.App.—Houston (1st Dist.) 1970, writ ref'd n. r. e.) as authority for the conclusion that general experience and common sense enable a layman to determine a causal relationship between the suture cutting and further injury to appellant's finger. Martisek relies upon Lenger v. Physician's General Hospital, Inc., 455 S.W.2d 703 (Tex.Sup.1970), in which the plaintiff's injuries were to the back, occasioned by strenuous activity on plaintiff's part after his doctor failed to warn him against hard labor following compression fractures in his back. Arguably, laymen can ascertain a causal relationship between a failure so to warn and subsequent back injuries from lifting heavy objects. But common knowledge and experience cannot be said to be competent to relate the cutting of one of 6 tendon sutures to subsequent malfunction of the extensor mechanism in a finger. Where the only expert medical testimony in a malpractice action expresses the opinion that defendant's treatment was not the proximate cause of the injury complained of, and there is no expert opinion to the contrary, a directed verdict for the defendant is proper. Henderson v. Mason, 386 S.W.2d 879, (Tex.Civ.App.—El Paso 1964, no writ). There were two special issues pertaining to negligence on Dr. McGehee's part in allowing his nurse to remove plaintiff's sutures. Plaintiff, to recover in the instant malpractice suit, had to establish by a doctor of the same school of practice as the defendant that the diagnosis or treatment complained of was such as to constitute negligence and that it was a proximate cause of the patient's injury. Hart v. Van Zandt, 399 S.W.2d 791 (Tex. Sup.1965); Porter v. Puryear, 153 Tex. 82, 262 S.W.2d 933, 264 S.W.2d 689 (1953); Bowles v. Bourdon, 148 Tex. 1, 219 S.W.2d 779 (1949). There is here no evidence by a medical doctor regarding negligence or proximate cause. Point of Error number six is overruled.

■ In appellant's final three points of error he asserts error by the trial court

in denying his motion for new trial. The jury responded negatively to the initial special issue as to whether or not Dr. Cook failed to supply necessary information to appellant regarding immobilization of the injured finger. Point of error number seven complains that the finding was erroneous because (a) there is no evidence to support the finding and as a matter of law an affirmative finding was proper, and (b) the jury's finding is contrary to the great weight and preponderance of the evidence. The burden of proof on this initial special issue was on the appellant, however, and a negative jury answer need not be supported by affirmative proof. Rather, appellant must show that the evidence establishes Dr. Cook's negligence as a matter of law. Weiser v. Hampton, 445 S.W.2d 224 (Tex. Civ.App.—Houston (1st Dist.) 1969, writ ref'd n. r. e.), citing and applying Smith v. Safeway Stores, Inc., 433 S.W.2d 217 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r. e.). The record does not support appellant's contention that Dr. Cook's failure to supply information to appellant was established as a matter of law. Neither does it support appellant's contention that the preponderance of the evidence was against the jury's finding. Appellant testified that he was advised by Dr. Cook to wear the splint for about a week, but that he was not told to make an appointment to check on the finger, and that he thus believed further treatment to be unnecessary. Dr. Cook testified that proper treatment involved immobilization of the finger for "at least a week", that the plaintiff was told to leave the splint in place until he returned after such period and the doctor's injury report substantiated his testimony.

■ In response to the third special issue the jury refused to find that Dr. Cook splinted appellant's finger in a flexed position. Appellant's eighth point of error urges that this finding is against the great weight and preponderance of the evidence. Dr. Cook clearly testified that he splinted the finger directly straight and with no curvature, which is contradictory to the testimony of appellant. Where the only

evidence adverse to Dr. Cook's testimony is that of the plaintiff, the jury's refusal to find contrary to Dr. Cook's version of the splinting is not manifestly against the weight of the evidence. See Weiser v. Hampton, supra.

■ Appellant's final point of error charges that the jury's finding as to Issue No. 11, damages, is erroneous, because (a) there is no evidence to support it and as a matter of law plaintiff suffered some damages; (b) it is contrary to the preponderance of the evidence; and (c) it is "grossly inadequate". The jury's failure to find that appellant suffered damage is of no consequence since the jury declined to find issues sufficient to sustain a judgment for appellant. Southern Pine Lumber Co. v. Andrade, 124 S.W.2d 334 (Tex. Comm'n App. 1939, opinion adopted). The record does not indicate that such failure to find damages demonstrates prejudice sufficient to have influenced the jury in its findings on the liability issues. Rea v. Gaulke, 442 S.W.2d 826 (Tex.Civ.App.—Houston (14th Dist.) 1969, writ ref'd n. r. e.).

The judgment of the trial court is affirmed.