Ronnie CANALES, et al., Appellants,

v.

**NATIONAL UNION FIRE INSURANCE COMPANY, Appellee.**

No. 13–87–432–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 30, 1988.

Rehearing Denied Jan. 5, 1989.

Philip K. Maxwell, Mark L. Kincaid, Longley & Maxwell, Austin, for appellants.

Steve A. Bryant, Bryant & Renneker, Houston, for appellee.

Before SEERDEN, BENAVIDES, and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

Appellants, personal representatives, survivors and heirs of Alfredo Canales, Jose C. Franco, Donnie Bill Otwell, Gilbert Garcia and Pedro Delgado, collectively called the Canales plaintiffs, each of whom were killed in an explosion of a grain elevator in Nueces County, on April 7, 1981, sued National Fire Insurance, appellee, for damages based on breach of contract, violation of the Texas Insurance Code, negligence and breach of a fiduciary duty. Trial to a jury resulted in a judgment for National Union. By eight points of error, appellants complain of the refusal of the trial court to submit requested special issues and instructions relating to some of the causes of action. We affirm the judgment of the trial court.

After the grain elevator explosion in 1981, appellants filed suit for damages against several parties charging them with responsibility for the explosion. In October, 1982, appellants, along with their attorneys, David Perry and William Edwards, entered into a settlement agreement with one of the initial defendants, Carter–Day, and its insurer, National Union Fire Insurance Company, the appellee herein. The settlement was a Mary Carter agreement which also provided that National Union would continue to prosecute appellants' claims against the other defendants and designate lead counsel for the continued prosecution of the claims. Van Huseman, the attorney National Union had initially retained, continued to represent it, and, pursuant to the agreement with appellants, National Union hired attorney Camp Cuthrell to prosecute appellants' claims. Two of the parties remaining as defendants in the initial damage suit were Dreyfus and Combustion Engineering.

Other persons damaged in the explosion were represented by attorneys Guy Allison and Bob Patterson. While all of the parties were initially joined in the same suit, the claims of Allison's and Patterson's clients were severed from those of the Canales plaintiffs after the Carter–Day settlement. Allison and Patterson had their clients' suit against Dreyfus and Combustion Engineering set for trial. A short time before trial, Dreyfus settled its cases with all parties including the Canales plaintiffs. Allison and Patterson proceeded to trial against Combustion Engineering. Combustion refused the Allison–Patterson plaintiffs' offer to settle their cases for $1 or $2 million prior to trial, but after being in trial for one week, Combustion settled the Allison–Patterson claims for $19.75 million, 75% of the amount these claimants had received in settlement from Carter–Day.

Thereafter, Combustion offered to settle the Canales' claims for approximately $1.5

million. Camp Cuthrell recommended acceptance of this offer; however, the Canales plaintiffs took the position that they should recover 75% of the $7.6 million they had received from Carter–Day. Cuthrell withdrew as attorney for the Canales plaintiffs. Steve Fieldcamp assumed representation of the Canales plaintiffs' interest, recommended Combustion's offer be accepted, and withdrew as attorney when it was not. Robert Patterson became appellants' attorney. When Patterson recommended the acceptance of Combustion's offer, it was accepted. Thereafter, this suit was filed to recover the difference between the amount appellants received in their settlement with Combustion and 75% of the amount they had received from Carter–Day, plus other damages as set forth in their pleadings.

Appellants' position on appeal is that National Union failed to properly prosecute the Canales plaintiffs' claims. They claim National gave a greater priority to prosecuting claims where its own financial interest was greater than the priority it gave to appellants' claims and that its attorney and the attorney it hired to represent appellants entered into a fee sharing agreement which created a conflict of interest which was never disclosed to appellants. As a result, appellants contend they lost the opportunity to settle their claim against Combustion when the value of the settlement would be the greatest.

Trial was to a jury which found against the Canales plaintiffs and in favor of National Union on all issues submitted including a finding of zero damages.

■ Appellants argue on appeal that the trial court committed reversible error in failing to submit their requested issues to the jury. They requested, and submitted to the judge, specific issues on all of their pleaded causes of action. National Union contends that appellants' requested issues were encompassed in the submitted issues. Alternatively, it claims that the zero damage finding made by the jury renders harmless any error by the trial court, and that the various causes of action were

barred by the applicable statutes of limitations.

In submitting special questions to the jury, it is incumbent upon the trial judge to submit those questions which are raised by the written pleadings and the evidence. Tex.R.Civ.P. 279. Cases should be submitted upon broad form questions when feasible. Tex.R.Civ.P. 277.

National contends that the jury's failure to find that appellants suffered any damages makes harmless any error the trial court may have committed in failing to submit appellants' independent grounds of recovery. Three damage issues were submitted to the jury. They were:

### Special Issue No. 3

What sum of money if any, if paid now in cash, would reasonably and fairly compensate the Plaintiffs for their damages, if any. Consider the following elements of damages and no others.

(A) Difference in settlement values.

(B) Amounts National Union has received from Plaintiffs' recovery.

### Special Issue No. 4

What sum of money, if any, should be awarded to Plaintiffs as exemplary damages against National Union.

You are instructed that "exemplary damages" means an amount which you, in your discretion, may award as an example to other and as a penalty or by way of punishment. You may award exemplary damages if you find that National Union acted with conscious indifference to the rights of Plaintiffs. In arriving at an amount, if any, you may consider the nature of the wrong, the character of the conduct involved, the degree of the culpability of the wrongdoer, the situation and sensibilities of the parties concerned, and the extent to which such conduct offends a public sense of justice and propriety. You may also include compensation for inconvenience and other losses too remote to be considered under actual damages, but do not consider attorneys' fees in answering this Issue.

*Special Issue No. 5*

What should Plaintiffs recover, if anything, from National Union as a reasonable and necessary fee for the services of Plaintiffs' attorneys in this case?

The jury answered each of these issues "0."

Appellee cites cases which state the general rule that where the jury finds no damages, findings on issues of liability are immaterial and harmless. *Howard v. Faberge, Inc.*, 679 S.W.2d 644, 650 (Tex.App. —Houston [1st Dist.] 1984, writ ref'd n.r. e.); *Mitchell v. Chaparral Chrysler–Plymouth Sales, Inc.*, 572 S.W.2d 359, 361 (Tex. Civ.App.—Ft. Worth 1978, writ ref'd n.r.e.). In these cases, as well as other cases we have reviewed discussing "zero" damages, error in the submission of or the submitted charge relating to liability was rendered harmless by a zero damage finding. *See Szmalec v. Madro*, 650 S.W.2d 514, 517 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Conrey v. McGehee*, 473 S.W. 2d 617, 622 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.). This case is distinguishable on the facts from the cases cited above because appellants complain that they were not allowed to submit complete theories of liability. We perceive that this could make a difference if additional types of damages were recoverable under the liability theories not properly allowed by the trial court. Here, however, the damages are the same, both as to the issues submitted and those denied. Appellants requested no damage issues other than those submitted. The damage issues were not conditioned on the answer to the liability issues. Thus, if all the appellants' requested issues had been submitted and answered in their favor, they would still recover zero damages. In addition, there was sufficient evidence before the jury for it to find that the Canales' settlement with Combustion represented the full settlement value of their case, so that the zero damage answers would apply, regardless of affirmative findings on any liability issues. There was also evidence from which the jury could have determined that the Allison–Patterson plaintiffs had the good fortune to receive a greater settlement because of circumstances separate and apart from the actual settlement value of their claims. For these reasons, any error in the submission of the liability theories, or the definitions, relating to liability, was harmless. Appellant's points of error one through four are overruled.

■ We decline to consider appellants' additional points submitted only in its post-submission brief complaining of the sufficiency of the evidence supporting the jury's zero damage finding because they are untimely filed. Tex.R.App.P. 74(*o*); 13th Court of Appeals Local Rules III(c); *see also Linan v. Linan*, 632 S.W.2d 155 (Tex. App.—Corpus Christi 1982, no writ). Evidence regarding the findings of zero damages has been discussed under points one through four.

■ By their fifth point of error, appellants argue that the trial court erred by not submitting an issue on whether Van Huseman and Camp Cuthrell disclosed to plaintiffs their fee sharing agreement. They argue that it was clearly required by Supreme Court of Texas, Rules Governing the State Bar of Texas art. X, § 9 (Code of Professional Responsibility) DR 5–107(A) (1971) and would have provided a basis for voiding the settlement contract between National Union and them. They cite our opinion in *Quintero v. Jim Walters Homes, Inc.*, 709 S.W.2d 225 (Tex.App.— Corpus Christi 1985, writ ref'd n.r.e.), as authority for their position. In *Quintero*, this Court held that a contract for release and settlement of the Quinteros' cause of action was void because it was made in contravention of Supreme Court of Texas, Rules Governing the State Bar of Texas art. XII, § 8 (Code of Professional Responsibility) DR 5–106 (1988), which provided that a lawyer who represents two or more clients shall not make or participate in making an aggregate settlement of claims, unless each client has consented after being advised of the existence and nature of all claims involved, the total amount of settlement, and the participation of each person in the settlement. The Quinteros' case had previously been tried and they had received

a judgment for $78,385.65. Unaware of the judgment, they agreed to settle for a total of $13,687.00. We held that the settlement contract was void because it was made in violation of the disciplinary rules and was against public policy.

In *Quintero*, the contract itself was made in contravention of the disciplinary rules. Here, appellants are seeking to void a contract with the insurance company because of later activities by the attorneys which had no effect on the earlier agreement. While the violation of the disciplinary rules may have provided a basis for voiding the fee sharing contract, we hold that even if the attorneys failed to disclose their fee sharing agreement in contravention of the disciplinary rules, it would not void the previously completed settlement contract. Appellants' fifth point of error is overruled. Having addressed all points necessary for the disposition of this appeal, we decline to discuss the remaining points. Tex.R.App.P. 90(a).

The judgment of the trial court is AFFIRMED.