Lee TATE, Jr., Appellant,

v.

Paul Douglas SHARP, Appellee.

No. 09–91–190 CV.

Court of Appeals of Texas, Beaumont.

June 25, 1992.

Herbert W. Fortson, III, Whitem & Fortson, Houston, for appellant.

Stephen M. Schlacks, Hope & Causey, Conroe, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from a judgment entered after a jury's findings of no negligence on the part of appellee, defendant, below and no damages suffered by appellant, plaintiff below.

This case arose out of a December 10, 1987 automobile accident involving appellant, Lee Tate, Jr. and appellee Paul Douglas Sharp. The accident occurred when a vehicle driven by a third party, not a party to this suit, suddenly swerved into the exit of a shopping center instead of the entrance. This act of the third party caused the vehicle in which Tate was a passenger to decelerate and cause Sharp to apply his brakes and swerve to the left to avoid a collision. Despite Sharp's efforts, the right front fender of Sharp's automobile contacted the left rear fender of Tate's vehicle. At trial Tate testified that, "I know it wasn't the man's fault, probably, in a way, but I didn't cause it. I didn't cause myself to be in the position that I'm in."

■ After the accident Tate continued on his destination to Conroe and then travelled back to Louisiana. Tate did not seek medical treatment on the day of the accident. The primary thrust of Tate's appeal focuses upon the trial court's instruction regarding "unavoidable accident." Only two questions were submitted to the jury, the first of which inquired as to the negligence and proximate cause of Sharp's conduct. Included in jury Question No. 1 is the court's instruction that: "You are instructed that the occurrence in question was an unavoidable accident if it happened without the negligence of Paul Douglas Sharp." This is clearly an improper instruction on "unavoidable accident." 1 STATE BAR OF TEXAS PATTERN JURY CHARGES PJC 3.04 (1987) sets forth the appropriate instruction for unavoidable accident as follows:

An occurrence may be an "unavoidable accident," that is, an event not proximately caused by the negligence of any party to it.

In order for an instruction on "unavoidable accident" to be proper, such instruction must examine the roles of all parties to the occurrence. In our case such instruction should have encompassed the conduct of both Tate and Sharp. By limiting the instruction to Sharp only, the trial court cut short a full inquiry by the jury as to the various possible proximate causes of the collision and restricted their full deliberation on negligence. This was improper and constitutes error.

■ We now determine whether or not such instruction error constitutes reversible error. Jury Question No. 2, not conditioned upon any answer to jury Question No. 1, inquires:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Lee Tate for his injuries, if any, that resulted from the collision in question?

Jury Question No. 2 includes three separate elements for consideration. The jury answered this question by placing a "0" in the space provided.

Does this "0" finding make the trial court's instruction error on unavoidable accident, harmless? We hold that it does.

■ "[T]he general rule [is] that where the jury finds no damages, findings on issues of liability are immaterial and harmless." *Canales v. National Union Fire Ins. Co.*, 763 S.W.2d 20, 23 (Tex. App.—Corpus Christi 1988, writ denied). Further, where there is error in the submissions or definitions relating to the liability question, the error is harmless if the net result nevertheless is that the complaining party recovers zero damages. *Id.*

Appellant's third point of error contends that the trial court erred in overruling appellant's Motion for New Trial since the jury's conclusion that appellee was not negligent was contrary to the undisputed testimony and evidence produced at trial. Appellant contends that the evidence established negligence as a matter of law. We disagree and we overrule appellant's third point of error.

Appellant's own testimony at trial that "I know it wasn't the man's fault ...," was sufficient in itself to defeat appellant's contention that appellee was negligent as a matter of law. This statement by appellant in response to questions on direct examination not only defeats the negligence as a matter of law contention, but also chills appellant's great weight and preponderance of the evidence complaint. Further chilling is the evidence of the conduct of a third person whose vehicle suddenly and improperly swerved in the path of appellant causing him to suddenly apply his brakes in such a manner to necessitate immediate evasive action by appellee. We do not believe the cases cited by appellant in support of his "negligence as a matter of law" point to be material, relevant, or applicable to our case. We overrule appellant's point of error number three.

Appellant's fourth point of error tells us that the trial court erred in refusing to grant appellant a new trial because the jury's finding of no damages is not supported by any evidence or so against the great weight and preponderance of the evidence as to be manifestly unjust.

Appellant tells us that his testimony and that of Joseph Thibodeaux, the driver of the vehicle in which appellant was riding was sufficient to show that appellant suffered pain, physical limitation, discomfort and life style changes as a result of the collision. Appellant further contends that the medical testimony of Dr. Katter, Dr. Blanda, Dr. Sheppard, Dr. Kewalramani and Dr. LeClerq conclusively establishes injury resulting from the December 10, 1987 collision. Certainly, this evidence standing alone would indeed establish injury to appellant. However, this evidence does not stand alone. Appellee introduced into evidence the independent medical evaluation of R. Bruce Wilson, M.D. which was an orthopedic consultation. A conclusion reached by Dr. Wilson was that there were no objective findings to indicate any significant impairment of function attributable to trauma described as having been sustained in the December 10, 1987 incident. Dr. Wilson further concluded that there were no objective findings to indicate surgical, medical, or manipulative treatment. We believe that Dr. Wilson's medical findings standing alone created a fact issue upon which a jury could reasonably conclude that appellant received no injury as a result of the collision on the date in question. It is within the jury's power to disregard the testimony offered by appellant as to whether he was injured as a result of the accident and to accept the medical testimony offered by appellee. It is within the jury's power to decide the credibility of the witnesses and the weight to be given their testimony. In the case before us, the medical testimony presented by appellant's experts was contrary to the medical evidence presented by Dr. Wilson. When faced with such diametrically opposed testimony, the jury is empowered to accept all, some or none of such testimony. In this case, it is apparent that the jury chose to believe appellee's expert. Perhaps one strong reason for the jury's making such a choice was based in part on defendant's Exhibit 1 which was introduced to the jury, such exhibit being a Petition for Damages, filed in the 15th Judicial District Court, Lafayette Parish, Louisiana. This lawsuit, brought by Lee Tate, Jr. against Danny B. Poullard, et al, claimed that Tate had been damaged in the sum of $1,242,000.00 for injuries received as a result of an automobile collision. In Mr. Tate's Louisiana lawsuit, he claims that he was totally and permanently disabled. This was a sworn pleading made by Mr. Tate which was filed with the Deputy District Clerk on the 7th day of January, 1988, some 28 days after the date of the collision in question.

We believe that it was within the power and prerogative of the jury to conclude that appellant was not injured in the December 10, 1987 automobile collision. In appellant's pursuit to recover damages for injuries, appellant bore the burden of producing evidence sufficient to convince the jury that he sustained injuries in the December 10, 1987 collision which produced damages measurable in money. *Texas & Pacific Railway Company v. Van Zandt*, 159 Tex. 178, 181, 317 S.W.2d 528, 530 (1958). The jury's award of "0" damages

simply indicates that appellant failed in his burden of proof. *See C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191, 194 (Tex. 1966); and *Hulsey v. Drake*, 457 S.W.2d 453, 460 (Tex.Civ.App.—Austin 1970, writ ref'd n.r.e.).

Appellant cites as authority for his position the case of *Dupree v. Blackmon*, 481 S.W.2d 216 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.) which stands for the proposition that where evidence of injury is undisputed, a jury's award of "0" damages is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. We do not believe the holding in *Dupree* to be a holding based upon facts analogous to our case. We overrule point of error number four and affirm the judgment of the trial court in all things.

AFFIRMED.