**Regina Klein KELLY, Appellant,**

v.

**Craig Anthony KLEIN, Appellee.**

**No. C14–90–01005–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 2, 1992.

Dennis B. Kelly, Houston, for appellant.

David N. Gray, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

**OPINION**

SEARS, Justice.

This is an appeal from an instructed verdict granted against appellant, Regina Klein Kelly, in a bill of review proceeding. Appellant brought the underlying bill of review to have a previous order of the trial court declared void for lack of personal jurisdiction and fraud. We affirm.

Regina Klein Kelly and Craig Anthony Klein were granted a divorce in the 245th District Court on January 30, 1986. Regina was designated managing conservator of their four-year-old child and Craig was designated possessory conservator. Appellant later entered into several homosexual relationships to which her parents objected. After appellant was involved in a car accident and claimed to be suffering psychological and physical injuries from such, appellee was informed of appellant's lifestyle. Appellee requested that conservatorship be changed from appellant to him, and he threatened to file suit for modification if appellant did not consent to the charge.

Appellant's step-father, Glen Brown, prepared a writing entitled "Permission to Maintain Temporary Custody and Petition For Permanent Custodial Conservatorship." This agreement provided for appellee to continue temporary custody of the child until papers were filed with the court which would change the permanent custody from appellant to appellee. Appellant signed this document in the presence of Mr. Brown. Sometime prior to January 30, 1987, Mr. Brown contacted an attorney who drew up: (1) a motion to modify the prior managing conservatorship order; (2) an agreed order changing the permanent managing conservatorship of the child from appellant to appellee; and, (3) a waiver of citation to be signed by appellant. Appellant signed the agreed order and waiver of citation on January 30, 1987. All three documents were filed on February 3, 1987 and the agreed order was signed by the Judge of the 245th District Court on February 4, 1987. Appellant acknowledged to the court that she was not coerced into signing the agreed order.

Appellant later filed a series of motions and suits seeking increased visitation rights, and alternatively, asking that the agreed order be declared void, claiming she signed the waiver of citation prior to filing the motion to modify. Appellant then filed a motion to modify the agreed order of February 4, 1987, seeking increased visitation rights due to the fact that the child was now living in Arizona with appellee. By her request to modify, appellant has acknowledged the validity of the agreed order and further recognized that it was in full force and effect. On March 9, 1990, a hearing was held and on March 14, 1990 the court granted appellant's request for modification of visitation rights. Therefore, Appellant received relief[1] and modification of the agreed order. Appellant thereby accepted the jurisdiction of the court and the validity of the agreed order.

Appellant filed a bill of review on October 26, 1988, and trial commenced on August 27, 1990. Appellee's defense of judicial estoppel was tried to the court but all other issues in the case were tried before a jury. After appellant put on evidence and rested, appellee moved for an instructed verdict. The court granted the motion for instructed verdict and also granted judgment on the issue of judicial estoppel in favor of appellee. The court's findings of fact provided in pertinent part:

7. Some time prior to September 23, 1986, REGINA telephoned CRAIG and asked him to take the custody of T___.

8. Either during this telephone conversation or shortly thereafter, CRAIG agreed with REGINA to take custody of T___ on a temporary basis until legal papers could be drawn whereby the permanent managing conservatorship of T___ was changed from REGINA to CRAIG.

11. On September 23, 1986, GLEN BROWN, on his own initiative, delivered to REGINA the permission and petition document which she read and which she voluntarily signed. The reference in the permission and petition document to REGINA's "life style" refers to her lesbian activities.

18. On January 30, 1987, REGINA voluntarily appeared at CRAIG's attorney's office where she read the three documents, REGINA requested some minor changes to the agreed modification order and such changes were made. REGINA then voluntarily signed the waiver of citation and the agree modification order before a notary. . . .

22. CRAIG did not commit any act or make any statement which would constitute any extrinsic fraud as that term is construed and used in a bill of review proceeding.

28. On March 9, 1990, REGINA appeared before the 245th District Court of Harris County, Texas, and testified, under oath, to the facts supporting her request that the visitation rights granted to her in the agreed modification order be modified and expanded to grant her greater access to her child, T___. Her sworn testimony expressly and implicitly acknowledged the validity of the agreed modification order which she was attempting to set aside in her bill of review.

32. On August 27, 1990, prior to the commencement of the trial on the merits of REGINA's bill of review proceeding filed in the above captioned cause, REGINA filed a sworn pleading (motion to enforce orders by contempt) in the original divorce action (Cause N. 84–42658) in which she sought to enforce the provisions of the agreed modification order which she was seeking to set aside in her bill of review proceeding and further to enforce the March 9, 1990, modification order which expanded her visitation rights. In this pleading, REGINA confirms, under oath, that the 245th District Court of Harris County, Texas, signed and entered a valid and enforceable order when the Court signed the agreed modification order and further that such Court signed and entered a valid and enforceable modification of that agreed modification order by its subsequent modification order dated March 9, 1990.

34. . . . . REGINA has taken diametrically opposed, inconsistent, and conflicting positions in that in her motion to

modify and her motion to enforce, she has, under oath, averred and confirmed that the agreed modification order is valid and enforceable and on the other hand in her bill of review action she has averred, under oath, that the agreed modification order is void or voidable and should be set aside.

Appellant brought two points of error contending that the court erred in refusing to set aside the agreed order and erred in granting the instructed verdict. Appellant did not complain of the court's finding of judicial estoppel.

■ Where a judgment is based on more than one independent and separate ground, the party aggrieved must assign error to each ground or the judgment may be affirmed on the unchallenged ground. *See, e.g., Midway National Bank of Grand Prairie, Texas v. West Texas Wholesale Supply Co.,* 453 S.W.2d 460, 461 (Tex.1970); *Texas Dept. of Human Resources v. Orr,* 730 S.W.2d 435 (Tex.App.— Austin 1987, no writ). Under the theory of judicial estoppel, one is estopped from alleging or admitting facts in a subsequent proceeding the contrary of which was made under oath in a former proceeding. *Long v. Knox,* 155 Tex. 581, 291 S.W.2d 292, 295 (1956).

Upon reviewing the documents and testimony, the evidence is sufficient to support the trial court's finding for appellee on the defensive issue of judicial estoppel. As the judgment on that ground was not appealed, we need not determine the correctness of the instructed verdict which was also granted in favor of appellee. Accordingly, we affirm the judgment of the trial court.