In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00882-CV

____________


CHONG HUA SHENG MWU GWUNG COMMITTEE, INC., 

D/B/A/ TIEN TAO TEMPLE, Appellant


V.


GEORGE PHILLIPS 

D/B/A GEORGE PHILLIPS & SON CONTRACTORS, Appellee






On Appeal from 80th Judicial District Court

Harris County, Texas

Trial Court Cause No. 2000-02947






O P I N I O N


 Appellant, Chong Hua Sheng Mwu Gwung Committee, Inc., d/b/a Tien Tao
Temple (the Temple), challenges a jury verdict rendered against it and in favor of
appellee, George Phillips d/b/a George Phillips & Son Contractors (Phillips), in a
debt collection action. In one issue, the Temple contends there is no evidence, or
insufficient evidence, to support the award of damages, attorney's fees, and judicial
foreclosure. We address whether the Temple waived its complaint by not challenging
a separate, independent basis for the judgment. We affirm.

 Facts


 The Temple hired a general contractor, The Construction Team, Inc. (The
Construction Team), to construct a concrete perimeter wall around the Temple's
property. The Construction Team subcontracted the block work and stucco work to
Phillips, which completed its work in October 1999. On December 7, 1999, Phillips
notified the Temple that it owed $26,419, and on December 13, 1999, Phillips filed
a materialman and mechanic's lien in the amount of $26,419. Because the Temple
did not pay Phillips the $26,419, Phillips filed suit on January 21, 2000. 

 At trial, Phillips submitted jury questions on whether it was entitled to recover
on quantum meruit grounds and whether it had a valid and enforceable lien. The jury
answered "Yes" to Questions 3 and 4, finding that Phillips was entitled to recovery
on quantum meruit grounds. The jury found that the reasonable value of compensable
work Phillips had performed for the Temple was $26,419 and that Phillips had a
valid, enforceable lien in the amount of $26,419. The jury also found Phillips was
entitled to attorney's fees of $30,000 and could recover up to an additional $30,000
in attorney's fees if the Temple pursued an appeal. In the final judgment, Phillips was
awarded $26,419 in actual damages, $3,962.85 in pre-judgment interest at the rate of
10%, and $30,000 in attorney's fees. The trial court did not specify the ground on
which the judgment was based. 

Waiver

 Where a judgment may rest upon more than one independent and separate
ground, the party aggrieved by the judgment must assign error to each ground, or the
judgment will be affirmed on the ground to which no complaint is made. Kelly v.
Klein, 827 S.W.2d 609, 611 (Tex. App.--Houston [14th Dist.] 1992, no writ). Unless
the appellant challenges each independent and separate ground, appellant has waived
the right to complain of the ruling to which no error was assigned, and the judgment
will be affirmed. Secure Comm, Inc. v. Anderson, 31 S.W.3d 428, 431 (Tex.
App.--Austin 2000, no pet.). If the rule were otherwise, an appellant could avoid
the adverse effect of an independent and separate basis for the judgment by ignoring
it and leaving it unchallenged. San Antonio Press, Inc. v. Custom Bilt Mach., 852
S.W.2d 64, 65 (Tex. App.--San Antonio 1993, no writ). 

 On appeal, the Temple challenges only the sufficiency of the evidence to
support the jury's finding that Phillips had a valid and enforceable mechanic's and
materialman's lien against the Temple's property. Phillips points out that the Temple
did not challenge the sufficiency of the evidence to support the jury's quantum meruit
finding. The jury's quantum meruit finding is an independent ground for the entry
of the judgment and the award of damages against the Temple. Further, each element
of the damages award under the judgment could have been supported by either the
jury's finding on quantum meruit or the jury's finding that Phillips had a valid,
enforceable lien. Because the Temple has not attacked each independent ground on
which the judgement could have been based, the judgment will be affirmed on the
ground to which no complaint is made. See Kelly, 827 S.W.2d at 611. 

 We overrule the Temple's sole point of error.

Conclusion

 We affirm the judgment of the trial court.






 Tim Taft


 Justice


Panel consists of Justices Taft, Alcala, and Price. (1)


Do not publish. Tex. R. App. P. 47.4.
1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.