**Affirmed and Memorandum Opinion filed October 31, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00776-CV

---

**JOHN POWELL, Appellant**

**V.**

**SUSAN REISWERG, INDIVIDUALLY AND AS INDEPENDENT EXECUTRIX OF THE ESTATE OF MEYER REISWERG, Appellee**

---

**On Appeal from the County Civil Court at Law No. 1**
**Galveston County, Texas**
**Trial Court Cause No. CV-00059531**

---

### M E M O R A N D U M   O P I N I O N

In this appeal of a judgment against an attorney on his clients' claims that he charged them excessive fees and otherwise breached his contractual and fiduciary duties, attorney John Powell contends that (a) the trial court reversibly erred by failing to issue findings of fact and conclusions of law, (b) his clients' complaints against him are barred by the voluntary-payment rule, and (c) the evidence

presented at the non-jury trial establishes that his fees were not excessive. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Through their company, Susan and Meyer Reiswerg owned a building in Galveston, Texas.[1] When the building partially collapsed and its insurance underwriters disputed the extent of coverage, the Reiswergs signed a written contract in which they agreed to pay attorneys John Powell and R.A. Apffel $200 per hour to litigate the coverage claim. The written contract provided in relevant part as follows:

> We, Meyer and Suzanne Reiswerg, do hereby employ R.A. Apffel and John Powell to provide legal services to us in connection with our claims and defenses against [the underwriters]. . . . [W]e agree to pay our attorneys at the hourly rate of $200.00 per hour for all time expended in connection with the case . . . . In order that we know from month to month what fees and expenses have been incurred, our attorneys shall provide us with a monthly bill for fees and expenses. . . . We also understand and agree that the fees which we agree to pay under this fee agreement do no[t] apply to any further litigation after a judgment is entered. Our attorneys are not obligated under this agreement to represent us in any appeal.

Powell tried the case and stipulated that the company's reasonable and necessary attorneys' fees for trying the case were $50,000.00; he did not seek an award of appellate attorney's fees. The jury found that the building collapse was covered under the insurance policy, and in accordance with Powell's stipulation and with the jury's other findings, the trial court rendered judgment in favor of the Reiswerg's company, awarding it damages of $655,874.93 plus interest, costs, and $50,000.00 for attorneys' fees.

---

[1] The company is identified variously as KKM Inc. d/b/a Strand Surplus and KKN Inc. d/b/a Strand Surplus. Susan Reiswerg is identified in some court documents as Suzanne.

The appellate court reversed and remanded the case due to charge error. *See Certain Underwriters at Lloyd's Subscribing to Policy No. WDO-10000 v. KKM Inc.*, 215 S.W.3d 486 (Tex. App.—Corpus Christi 2006, pet. denied). The Texas Supreme Court denied the underwriters' petition for review and their motion for rehearing of that ruling. When the case was returned to the trial court, the parties mediated a second time. This time, the case settled for $450,000.00.

At about the same time that the case was mediated, a fee dispute arose between Powell and the Reiswergs. There is no written agreement concerning the legal services rendered during appeal and remand of the insurance case, and there is conflicting evidence as to the terms of any oral agreement. The Reiswergs and their company sued Powell, couching their claims as causes of action for (a) charging and receiving "a clearly excessive fee in violation of [Texas Disciplinary Rules of Professional Conduct] 1.04.," (b) breach of fiduciary duty, and (c) monies had and received. They sought partial fee forfeiture and attorney's fees.

The trial court awarded Susan Reiswerg $15,000.00, but issued no findings of fact and conclusions of law.[2] Powell now appeals the judgment.

## II. ANALYSIS

Powell asks us to reverse and render judgment that Reiswerg take nothing because (a) the trial court committed harmful error in failing to make timely requested findings of fact and conclusions of law; (b) Reiswerg's complaint is barred by the voluntary-payment rule; or (c) alternatively, Reiswerg failed to prove that Powell charged excessive fees as measured by Rule 1.04.

---

[2] Meyer Reiswerg died while the case was pending, and Susan Reiswerg maintained the suit in her individual capacity and as representative of her late husband's estate. The company was not mentioned in the judgment and did not participate in this appeal.

**A.** **Powell failed to preserve error concerning the trial court's failure to file findings of fact and conclusions of law.**

Powell asserts that he timely requested and reminded the trial court to issue findings of fact and conclusions of law, and that the trial court's failure to do so created a presumption of harm that cannot be overcome. The record, however, establishes that Powell failed to timely file a notice of past-due findings of fact, and thus, his complaint is waived.

An initial request for findings of fact and conclusions of law must be filed within twenty days after the judgment is signed. TEX. R. CIV. P. 296. The final judgment was signed on May 18, 2012; thus, Powell's initial request, filed on June 6, 2012—nineteen days after the judgment—was timely. A trial court's findings of fact and conclusions of law are due within twenty days after a timely request is filed. TEX. R. CIV. P. 297. Here, the findings of fact and conclusions of law were due by June 26, 2012, but none were filed. The rules provide that if the trial court fails to timely issue findings of fact and conclusions of law as requested, "the party making the request shall, within thirty days after filing the original request, file with the clerk and serve on all other parties in accordance with Rule 21a a 'Notice of Past Due Findings of Fact and Conclusions of Law.'" TEX. R. CIV. P. 297. Because Powell's original request for findings of fact and conclusions of law was filed on June 6, 2012, his notice of past-due findings of fact and conclusions of law was due by July 6, 2012. The notice was not filed until July 10, 2012, thirty-four days after his original request. Because the record does not reveal that Powell timely filed a reminder of past due findings of fact and conclusions of law as required by Rule 297, this appellate complaint is waived. *See Las Vegas Pecan & Cattle Co. v. Zavala County*, 682 S.W.2d 254, 255–56 (Tex. 1984) (holding that an appellate complaint regarding the trial court's failure to file findings of fact and

4

conclusions of law was waived where the "past due" notice was filed four days late).

**B.      Powell's arguments concerning the voluntary-payment rule were not preserved for appellate review.**

Powell also contends that Reiswerg's claim is barred by the voluntary-payment rule. Voluntary payment is an affirmative defense to a restitution claim. *See, e.g.*, *Miga v. Jensen*, 299 S.W.3d 98, 103 (Tex. 2009) ("It is a defense to a restitution claim." (citing *BMG Direct Mktg., Inc. v. Peake*, 178 S.W.3d 763, 768–69 (Tex. 2005))); *BMG Direct Mktg.*, 178 S.W.3d at 778 ("[W]e decline to hold that a class can never be certified when a defendant has asserted the voluntary-payment defense; in many cases it would be unfair to allow a defendant to preclude class certification simply by alleging *an affirmative defense*.") (emphasis added); *Hunter v. PriceKubecka, PLLC*, 339 S.W.3d 795, 800 (Tex. App.—Dallas 2011, no pet.) (characterizing voluntary payment as an affirmative defense). Under this common-law doctrine, "[m]oney voluntarily paid with full knowledge of all the facts, in the absence of fraud, deception, duress, or compulsion, cannot be recovered merely because the party at the time of payment was ignorant of or misunderstood the law as to his liability." *Apache Corp. v. Dynegy Midstream Serv. Ltd. P'ship*, 214 S.W.3d 554, 564–65 (Tex. App.—Houston [14th Dist.] 2006), *aff'd in part, rev'd in part on other grounds*, 294 S.W.3d 164 (Tex. 2009).

Because Powell did not plead voluntary payment in the trial court, that affirmative defense is waived unless it was tried by consent. *See Neeley v. Sw. Inv. Co.*, 430 S.W.2d 465, 469 (Tex. 1968) (stating that appellate court "could not properly render judgment on the basis of an affirmative defense which had not been urged in the trial court"); *Johnston v. McKinney Am., Inc.*, 9 S.W.3d 271, 281 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) ("Where an affirmative defense is not pleaded or tried by consent, it is waived."). *See also Fort Bend*

*Indep. Sch. Dist. v. Schindler*, No. A14-90-00385-CV, 1991 WL 94414, at *3 (Tex. App.—Houston [14th Dist.] June 6, 1991, writ denied) (not designated for publication) ("The defense of voluntary payment, a form of estoppel, constitutes an avoidance or affirmative defense. . . . Appellant failed to plead the affirmative defense of voluntary payment, therefore, it is waived."). An unpleaded affirmative defense "may be deemed tried by consent when evidence on the issue is developed under circumstances indicating both parties understood the issue was in the case, and the other party fails to make an appropriate complaint." *Frazier v. Havens*, 102 S.W.3d 406, 411 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

Powell does not contend that the issue of voluntary payment was tried by consent, nor does our review of the record show this to be the case. Not only was the issue first raised in a post-trial brief, but the same evidence that arguably could have been applied to the defense of voluntary payment was developed in connection with Reiswerg's claim of breach of fiduciary duty and her request for fee forfeiture. The record accordingly fails to show that the parties understood the affirmative defense of voluntary payment to be at issue in the case.

We accordingly overrule this part of the issue presented.

## C.      Powell failed to challenge all grounds that support the judgment.

Where, as here, findings of fact and conclusions of law were neither filed nor properly requested, we presume that the trial court made all findings in support of its judgment. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989) (per curiam). We will draw every reasonable inference supported by the record. *Black v. Dall. Cnty. Child Welfare Unit*, 835 S.W.2d 626, 630 (Tex. 1992). We will affirm the judgment if it can be upheld on any legal theory supported by the evidence. *Allen v. Allen*, 717 S.W.2d 311, 313 (Tex. 1986). Thus, to obtain reversal, an appellant must successfully challenge every basis on which the trial

court's judgment could be sustained. *Kelly v. Klein*, 827 S.W.2d 609, 611 (Tex. App.—Houston [14th Dist.] 1992, no writ) (citing *Midway Nat'l Bank of Grand Prairie, Tex. v. W. Tex. Wholesale Supply Co.*, 453 S.W.2d 460, 461 (Tex. 1970) (per curiam) (explaining that there could be no reversible error where the trial court's judgment was supported by an unchallenged conclusion of law)). Powell, however, failed to challenge alternate theories of recovery that were tried and on which Reiswerg presumably prevailed.

Aside from the matters already discussed, Powell argued in the remainder of his opening brief that his fees were not excessive, in effect treating the $15,000 judgment in Reiswerg's favor as a refund of the amount that rendered his fee excessive. But this was not the only possible ground for the judgment. Reiswerg also presented evidence in support of her claim that Powell committed a clear and serious breach of fiduciary duty justifying the forfeiture of a portion of his fees *regardless* of whether the amount charged was excessive.[3]

In his opening appellate brief, however, Powell never mentioned fee forfeiture at all. He did not discuss the trial court's implied finding that he committed a clear and serious breach of fiduciary duty for which partial forfeiture was appropriate, and he cited no cases in which the authoring court analyzed fee forfeiture or even breach of fiduciary duty. In fact, outside of the table of contents, the words "breach" or "fiduciary" appear in Powell's opening brief only in the conclusion, in which he asserts that the "evidence overwhelmingly establishes that

---

[3] Among other things, she alleged and presented evidence that Powell breached his fiduciary duty by (1) failing to be strictly honest about fee arrangements and to refrain from self-dealing, (2) failing to maintain contemporaneous time records to justify his billings, and (3) attempting to retroactively increase his hourly fee from $200 to $300 per hour. In addition, Reiswerg's expert testified without objection that an attorney breaches his fiduciary duty by altering or modifying a fee agreement in the middle of representation, and that Powell specifically breached his fiduciary duty by failing to have a written fee contract for legal services performed during the appeal and remand of the underlying case.

7

Mr. Powell did not charge excessive fees, nor did he breach any fiduciary duty." Given the absence of argument or authority, this single unsupported assertion is insufficient to present the issue for our review. *See Lesher v. Doescher*, No. 02-12-00360-CV, 2013 WL 5593608, at *3 (Tex. App.—Fort Worth Oct. 10, 2013, no. pet. h.) (mem. op.) ("The conclusory, unsupported title of the sixth issue in one sentence contained in a preliminary section of the brief, without any discussion of the issue in the argument section, is insufficient to raise an argument regarding limitations in this court.").[4]

Because Powell failed to challenge alternative grounds that were tried and that support the judgment, we need not address the merits of his argument that the fees he charged were not excessive. We overrule this issue.

### III. CONCLUSION

We hold that Powell (a) waived his right to express findings of fact and conclusions of law, (b) failed to preserve his argument that the voluntary-payment rule bars Reiswerg's recovery, and (c) failed to challenge every basis for recovery that was tried and that supports the judgment. We accordingly affirm the trial court's judgment.

/s/    Tracy Christopher
       Justice


Panel consists of Justices Christopher, Donovan and Brown.

---

[4] Although Powell did purport to address fee forfeiture in his reply brief, we generally do not consider grounds for reversal that are raised for the first time in a reply brief. *Swaab v. Swaab*, 282 S.W.3d 519, 527 n.10 (Tex. App.—Houston [14th Dist.] 2008, pet. dism'd w.o.j.). *See also Dallas County v. Gonzales*, 183 S.W.3d 94, 104 (Tex. App.—Dallas 2006, pet. denied) ("The Texas Rules of Appellate Procedure do not allow an appellant to include in a reply brief a new issue in response to some matter pointed out in the appellee's briefs but not raised by the appellant's original brief.").