**TEXAS DEPARTMENT OF HUMAN RESOURCES, Appellant,**

**v.**

**Robin M. ORR and Candace D. Orr, Individually and on Behalf of the Estate of Erica D. Orr, Deceased, Appellees.**

No. 14691.

Court of Appeals of Texas, Austin.

May 6, 1987.

Tommy Jacks, Austin, for appellant.

Jim Mattox, Atty. Gen., Richard L. Webb, Charles S. Black, Jr., Asst. Attys. Gen., Austin, for Texas Dept. of Human Resources.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

SHANNON, Chief Justice.

Erica Orr, a small child, drowned on September 15, 1980, in a swimming pool at a child care center. Her parents, Robin and Candace Orr, filed a wrongful death and survival suit in the district court of Bell County against Erna Walker and the Texas Department of Human Resources (the agency) to recover individually and as representatives of the estate of the child. After trial to a jury, the district court rendered judgment for the Orrs against the agency and Walker. Only the agency has perfected an appeal. This Court will affirm the judgment, as reformed.

The child drowned in a swimming pool at a "Registered Family Home" owned and operated by Erna Walker. On the day in question the Orrs placed their child in Walker's care. The Orrs pleaded that Walker operated her "Registered Family Home" with "the permission of, and subject to inspection by and to the supervision and control of [the agency]."

The Orrs pleaded generally that the swimming pool and adjacent patio area were inadequately enclosed and that the gate leading to the pool was not equipped with an adequate locking or latching device. The Orrs pleaded further that the uses and conditions of the swimming pool, patio enclosure, and gate constituted uses or conditions of tangible real or personal property within the meaning of Tex.Rev. Civ.Stat.Ann. art. 6252–19, § 3 (1970). The Orrs alleged, among other things, that the agency was negligent with respect to the uses and condition of the patio enclosure and that the agency failed to investigate and inspect the patio enclosure before licensing and registering Walker's "family home."

The jury answered *inter alia* (1) that the agency exercised control over the conditions of the patio enclosure at the Walker residence; that the agency was negligent in exercising its control over the conditions of the patio enclosure; and that such negligence was a proximate cause of the drowning. The jury found further (2) that the agency undertook an investigation of the safety "and health" of the Walker residence prior to registration; that the agency was negligent in the investigation of the safety "and health" of the patio enclosure at the Walker residence prior to the date of its registration; and that such negligence was a proximate cause of the drowning.

The agency complains by points one and two that the district court erred in submitting the special issues inquiring as to the agency's exercise of control over the condition of the patio enclosure. The agency does *not*, however, attack the answers of the jury that the agency was negligent in its investigation of the safety of the patio enclosure and that such negligence was a proximate cause of the drowning.

■ Should a judgment rest upon more than one ground, the party aggrieved by the judgment must assign error as to each such ground or risk having the judgment affirmed on the ground to which no error was assigned. *Midway National Bank of Grand Prairie, Texas v. West Texas Wholesale Supply Co.*, 453 S.W.2d 460 (Tex.1970); *McKelvy v. Barber*, 381 S.W.2d 59 (Tex.1964); *Nesmith v. Hester*, 522 S.W.2d 605 (Tex.Civ.App.1975, no writ).

■ The jury's answers that the agency was negligent in its investigation of the safety of the patio enclosure and that such negligence was a proximate cause of the drowning stand unchallenged and fully support the judgment of the district court. The agency gains nothing, therefore, even if successful, in its attack on the jury's finding that the agency's negligent exercise of control over the patio enclosure was a proximate cause of the drowning. *Midway National Bank of Grand Prairie, Texas v. West Texas Wholesale Supply Co., supra.* Points one and two are overruled.

By its third point, the agency insists that the district court abused its discretion in refusing to continue the case so that the agency could take the second deposition of its co-defendant, Erna Walker. The cause was set for trial on February 24, 1986. On February 18, 1986, the agency gave notice of its intention to take a second deposition in Kentucky on February 22, 1986 of its co-defendant, Erna Walker. The district court granted the Orr's motion to quash the deposition notice. Thereafter, on February 20, the agency filed its motion for continuance.

■ The matter of granting or denying a motion for continuance rests, of course, within the sound discretion of the trial court. *Hernandez v. Heldenfels*, 374 S.W.2d 196 (Tex.1964). This Court has concluded that, under the circumstances, the district court did not abuse its discretion in denying the agency's motion.

Texas R.Civ.P.Ann. 252 (Supp.1987) sets out the requirements of a motion for continuance grounded upon want of testimony:

If the ground of such application be the want of testimony, the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known; that such testimony cannot be procured from any other source; and, if it be for the absence of a witness, he shall state the name and residence of the witness, and what he expects to prove by him; and also state that the continuance is not sought for delay only, but that justice may be done; provided that, on a first application for a continuance, it shall not be necessary to show that the absent testimony cannot be procured from any other source.

\*   \*   \*   \*   \*   \*

The contents of the agency's motion for continuance may be summed up as follows. Walker's first deposition was taken in 1981. At a time not specified, the agency attempted to learn of Walker's whereabouts for purposes of the second deposition. It was not until February 12, 1986, that the agency learned from Walker's counsel that she was living in Kentucky. Because Walker did not plan to be present at trial, the agency claimed that her second deposition was "vital to [the agency] for the proper presentation of its defense."

The only allegation in the motion relating to the materiality of Walker's testimony is the agency's claim that her second deposition was "vital to [the agency] for the proper presentation of its defense." The agency's allegation does not comply with Rule 252 in that it does not demonstrate what proof the agency expected to discover and how it would be material to its specific defenses.

Beyond Rule 252, this Court has examined the transcript of the hearing taken on the motion for continuance. The agency tendered no proof in support of its motion. Moreover, the agency's argument at the hearing indicated that it proposed to investigate in the second deposition basically the same subjects inquired into in the first deposition.

■ Finally, the agency complains in its fourth point of error that the district court erred in ordering that it pay all costs. Texas R.Civ.P.Ann. 131 (1979) provides that the "successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." The assessment of costs is a matter within the discretion of the trial court and its order assessing costs is reversible only for abuse of discretion. *Zoning Bd. of Adjustment v. Graham & Associates*, 664 S.W.2d 430 (Tex.App.1984, no writ). A "successful party," within the meaning of Rule 131, is one who obtains a judgment of a competent court vindicating a civil claim of right. *Id.*

We do not understand the agency to complain that the Orrs were not "successful parties" within the meaning of Rule 131. The agency complains, rather, that all costs were assessed against it and none against its co-defendant, Erna Walker.

As pointed out by the agency, the jury concluded that Erna Walker's negligence, as well as its own, proximately caused the drowning of the infant. Because Erna

Walker was at fault, as was the agency, in causing the drowning, the agency contends that she should participate in payment of costs.

In defense of the judgment, the Orrs suggest that the district court correctly apportioned all of the costs to the agency because "much of the deposition discovery involved primarily witnesses pertinent to [the agency's] liability," or because Erna Walker was without insurance coverage. Such suggestions, however, lack merit. An examination of the district clerk's bill of costs shows that no discovery expenses were taxed as costs and whether Erna Walker had insurance coverage is not a proper consideration in determining costs.

■ This Court has concluded that because Erna Walker was a joint tortfeasor there is no reason why she should not participate in the payment of costs. *Herndon v. Rice*, 21 Tex. 456 (Tex.1858). The point of error is sustained.

The judgment of the district court is reformed, *Gasperson v. Madill National Bank*, 455 S.W.2d 381, 399 (Tex.Civ.App. 1970, writ ref'd n.r.e.), to provide that the costs be assessed against Erna Walker and the agency, jointly and severally; in all other respects the judgment is affirmed.