SAN ANTONIO PRESS, INC., Appellant,

v.

CUSTOM BILT MACHINERY, American Fan Company, Harris Corporation & Harris Graphics Corporation, Appellees.

No. 04–91–00552–CV.

Court of Appeals of Texas, San Antonio.

April 7, 1993.

Oliver S. Heard, Jr., Karl E. Hays, Heard, Goggan, Blair & Williams, San Antonio and Robert E. Gilmartin, Clausen, Miller, Gorman, Caffrey & Witous, Chicago, IL, for appellant.

Gail Dalrymple, Randolph P. Tower, Clemens & Spencer, Robert B. Summers, John Milano, Jr., Thornton, Summers, Biechlin, Dunham & Brown, Inc. and Mark S. Helmke, Foster, Lewis, Langley, Gardner & Banack, P.C., San Antonio, for appellees.

Before CHAPA, PEEPLES and BIERY, JJ.

## OPINION

PEEPLES, Justice.

Plaintiff San Antonio Press, Inc. appeals a take-nothing judgment in favor of the three defendants it sued for damages resulting from a fire on its premises. It complains of the trial court's failure to sanction one defendant, American Fan Company, for altering the condition of a fan that allegedly caused the fire, and the court's failure to exclude the testimony of three expert witnesses. We affirm because plaintiff has left unchallenged the jury's no-damage finding, which supports the judgment regardless of the correctness of the liability findings.

The jury found the liability issues against plaintiff; plaintiff's points of error, if sustained, would undermine those findings. But the jury also found that plaintiff had not proved damages, a finding that independently supports the take-nothing judgment. That finding is not challenged.

When a separate and independent ground that supports a judgment is not challenged on appeal, the appellate court must affirm. *See Nobility Homes, Inc. v. Shivers*, 557 S.W.2d 77, 83 (Tex.1977); *First Bankers Ins. Co. v. Newell*, 471 S.W.2d 795, 796 (Tex.1971); *Midway Nat'l Bank v. West Texas Wholesale Supply Co.*, 453 S.W.2d 460, 461 (Tex.1970); *Texas Dep't of Human Resources v. Orr*, 730 S.W.2d 435, 436 (Tex.App.—Austin 1987, no writ); *see also Boatland of Houston, Inc. v. Bailey*, 609 S.W.2d 743, 750 (Tex.1980) ("Generally, error in the submission of an issue is harmless when the findings of the jury in answer to other issues are sufficient to support the judgment."). If the rule were otherwise, an appellant could avoid the adverse effect of a separate and independent basis for the judgment by ignoring it and leaving it unchallenged.

This rule has been consistently applied to jury findings that a plaintiff did not establish damages. When an unchallenged no-damages finding supports a take-nothing judgment, any error in the liability findings is harmless. *See, e.g., Hancock v. City of San Antonio*, 800 S.W.2d 881, 885 (Tex.App.—San Antonio 1990, writ denied); *Canales v. National Union Fire Ins. Co.*, 763 S.W.2d 20, 23 (Tex.App.—Corpus Christi 1988, writ denied); *Easley v. Castle Manor Nursing Home*, 731 S.W.2d 743, 744 (Tex.App.—Dallas 1987, no writ); *Roe-*

*ver v. Delaney*, 589 S.W.2d 180, 182 (Tex. Civ.App.—Fort Worth 1979, no writ); *Lewis v. Isthmian Lines, Inc.*, 425 S.W.2d 893, 894–95 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ).

■ The no-damage finding fully supports the court's take-nothing judgment. Even if the jury had found liability, the no-damages finding would have compelled a take-nothing judgment unless it was successfully challenged (for example, as being against the weight of the evidence). Plaintiff has not attacked the no-damage finding in any way. Indeed, it did not complain of the answer in its motion for new trial, as rule 324(b) requires. *See* TEX.R.CIV.P. 324(b). Even if error were preserved, because of the deference given to jury findings we could not set aside the no-damage finding for factual insufficiency without detailing the evidence and saying why it is against the weight of the evidence. *See Cropper v. Caterpillar Tractor Co.*, 754 S.W.2d 646, 652 (Tex.1988); *Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex. 1986); *Alm v. Aluminum Co. of America*, 717 S.W.2d 588, 594–95 (Tex.1986); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986); Raul A. Gonzalez & Rob Gilbreath, *Appellate Review of a Jury's Finding of "Zero Damages"*, 54 TEX.B.J. 418 (1991). This we cannot do, because unless fundamental error is presented, we may not sustain an argument that was not preserved in the trial court or in this court. *Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex.1990); TEX.R.APP.P. 52(a).

Plaintiff suggested at oral argument that the damage issue was irreparably tainted by American Fan's spoliation of evidence. We are not told how the evidence of what may or may not have *caused* a fire affects whether *damages* proximately resulting from the fire were proved. But even if spoliation tainted the damages aspect of the case, the rules require an appellant at least to assign the no-damage finding as error and present argument to this court why it is tainted and cannot stand. Plaintiff's brief does not attack the damage answer in any way; indeed the brief does not even mention it.

Even if we were to sustain plaintiff's liability points of error, the unchallenged no-damages finding requires us to affirm.

■ We nevertheless address the allegation of evidence spoliation because we think that such a serious charge should be addressed even though we must affirm the judgment for procedural reasons. In addressing this issue, we note that plaintiff does not suggest that the defense attorneys played a part in the spoliation or condoned it in any way.

The record shows that plaintiff's premises suffered a fire in November 1986. Evidence suggested a blower motor made by American Fan Company was the cause. Plaintiff's expert Rodney Fuchs promptly investigated the fire and in December disassembled the motor in his laboratory and took several photographs of it. Plaintiff's experts again took the motor apart and photographed it in September and October 1987. In March 1990 defendants obtained the motor for examination and testing, but it was agreed there would be no "destructive" testing. American Fan sought permission in June 1990 to operate the motor under stress, which would alter its condition; a court denied this request in August 1990, but by that time American Fan's expert Robert Scott had already done the test. During a deposition of a defense expert in February 1991, it became known that Scott had operated the motor and tested it.

Plaintiff sought sanctions before trial, but before a pre-trial judge had heard from all parties he expressed doubt about his authority to sanction because no judge had ever signed the agreed order prohibiting destructive testing. At that point plaintiff's attorney withdrew his motion for sanctions in open court, without prejudice to reurge it later. Because the motion was withdrawn and also because the court did not hear from the defendants at the sanctions hearing, we reject plaintiff's argument that the events at this pretrial hearing somehow bear upon the spoliation issue on this appeal.

The case was called for trial before a different judge, who took under advise-

ment the issue of spoliation of evidence and sanctions, saving the matter for decision later during the trial. Ultimately the trial court ruled that American Fan could not present the expert's deposition testimony about his testing; the court ruled that *plaintiff* could present the deposition if it desired, or American Fan could bring the witness *live* so that he would face fresh cross-examination. American Fan chose not to offer the expert's testimony live, and plaintiff did not offer his deposition. Plaintiff had asked the court to strike American Fan's pleadings, to instruct the jury that the bearing caused the fire, or to instruct the jury that it could presume the pre-test condition of the motor would have been unfavorable to American Fan.

■ We hold that the court did not abuse its discretion by granting less severe sanctions than plaintiff requested. The choice of sanctions is largely a matter for the trial court's discretion. *Willful* violations may justify severe sanctions. *See Plorin v. Bedrock Found. & House Leveling Co.*, 755 S.W.2d 490, 490–92 (Tex. App.—Dallas 1988, writ denied); *Southern Pac. Transp. Co. v. Evans*, 590 S.W.2d 515, 518–19 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.), *cert. denied*, 449 U.S. 994, 101 S.Ct. 531, 66 L.Ed.2d 291 (1980). The *intentional, deliberate* destruction of evidence raises a presumption that the evidence would have been unfavorable to the destroying party. *Newton v. General Manager of Scurlock's Supermarket*, 546 S.W.2d 76, 78–79 (Tex.Civ. App.—Corpus Christi 1976, no writ); *H.E. Butt Grocery Co. v. Bruner*, 530 S.W.2d 340, 344 (Tex.Civ.App.—Waco 1975, writ dism'd); 1 ROY R. RAY, TEXAS LAW OF EVIDENCE § 103 (Texas Practice 1980).

■ But here there was, at most, a fact issue whether American Fan's expert intentionally violated the agreed order or intentionally altered or destroyed evidence; the court could well have concluded that any alteration of the motor by testing was done through mistake and misunderstanding and not with the intent to hide or destroy evidence. We cannot disturb the trial court's resolution of conflicting testimony in a sanctions dispute unless the court abused its discretion; nor will we substitute our judgment for the trial court's decision to impose a lesser sanction than plaintiff requested. *See Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 852–53 (Tex.1992); *United States Fidelity & Guar. Co. v. Rossa*, 830 S.W.2d 668, 672 (Tex.App.—Waco 1992, writ denied).

The spoliation cases cited above focused on whether the spoliation of evidence was intentional and deliberate. Thus this case is unlike *Bruner*, in which an employee of the slip-and-fall defendant told another employee to "get rid of" the onion that plaintiff slipped on. And it is unlike *Plorin*, a construction defect case in which plaintiffs hired a firm to repair the defects in their house before they gave the defendant a chance to inspect it. Here the experts simply energized and ran the motor, which altered its condition but did not destroy it. And here the trial court was aware that the jury was able to consider photographs of the motor in its original condition and testimony about the motor's condition before and after testing. We hold that the trial court did not abuse its discretion by granting a sanction less severe than requested.

The judgment is affirmed.

CHAPA, Justice, concurring.

In concur in the results, but only because an unchallenged no-damage finding supports a take-nothing judgment, and renders harmless any error in the liability instructions of findings. *See e.g., Hancock v. City of San Antonio*, 800 S.W.2d 881, 885 (Tex.App.—San Antonio 1990, writ denied); *Canales v. Nat'l Union Fire Ins. Co.*, 763 S.W.2d 20, 23 (Tex.App.—Corpus Christi 1988, writ denied); *Howard v. Faberge, Inc.*, 679 S.W.2d 644, 650 (Tex.App.—Houston [1st Dist.] 1994, writ ref'd n.r.e.); *Szmalec v. Madro*, 650 S.W.2d 514, 517 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Mitchell v. Chaparral Chrysler–Plymouth Sales, Inc.*, 572 S.W.2d 359, 361 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.).