

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00351-CV

**IN THE INTEREST OF D.M.K.**, Jr. and D.K.K.

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 13-1250-CV
The Honorable Melissa Uram-DeGerolami, Associate Judge Presiding[1]

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
    Luz Elena D. Chapa, Justice
    Jason Pulliam, Justice

Delivered and Filed:  December 2, 2015

AFFIRMED

Shelbee L. appeals the trial court's termination of her parental rights to D.M.K. and

D.K.K.[2] Her sole issue on appeal is that the trial court erred by "fail[ing] to . . . dismiss the suit on

the required mandatory dismissal date that it set pursuant to Texas Family Code § 263.401(c)."

*See* TEX. FAM. CODE ANN. § 263.401 (West 2014).[3] Section 263.401(a) provides:

> (a) Unless the court has commenced the trial on the merits or granted an extension
> under Subsection (b), on the first Monday after the first anniversary of the date the
> court rendered a temporary order appointing the department as temporary managing
> conservator, the court shall dismiss the suit affecting the parent-child relationship

---

[1] The final order of termination was signed by both Associate Judge Uram-DeGerolami and Judge William Old.

[2] To protect the identity of the minor children, we refer to appellant by her first name and to the children by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8(b)(2).

[3] The Legislature enacted amendments to section 263.401 that became effective September 1, 2015. Act of May 29, 2015, 84th Leg., R.S., ch. 944, §§ 37, 38, 92 (codified at Tex. Fam. Code § 263.401 (West Supp. 2015)). All references in this opinion are to the previous version of the statute.

filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child.

*Id.* Section 263.401(b) provides the trial court may retain the suit for up to 180 more days if it finds "extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child." *Id.* § 263.401(b). Subsection 263.401(c) provides, "If the court grants an extension but does not commence the trial . . . before the required date for dismissal under Subsection (b), the court shall dismiss the suit." *Id.* § 263.401(c). Section 263.403(a) provides:

> Notwithstanding Section 263.401, the court may retain jurisdiction and not dismiss the suit or render a final order as required by that section if the court renders a temporary order that
> (1) finds that retaining jurisdiction under this section is in the best interest of the child;
> (2) orders the department to return the child to the child's parent;
> (3) orders the department to continue to serve as temporary managing conservator of the child; and
> (4) orders the department to monitor the child's placement to ensure that the child is in a safe environment.

*Id.* § 263.403(a). If the court renders an order under section 263.403, the court shall "schedule a new date, not later than the 180th day after the date the temporary order is rendered, for dismissal of the suit unless a trial on the merits has commenced." *Id.* § 263.403(b)(2). If a child placed with a parent under section 263.403 must be removed before the dismissal of the suit or the commencement of trial, the court may further reset the dismissal date to not "later than the original dismissal date established under Section 263.401 or the 180th day after the date the child is moved under this subsection, whichever date is later." *Id.* § 263.403(c).

The Department of Family & Protective Services filed an original petition seeking managing conservatorship and termination of Shelbee's parental rights. On June 13, 2013, the trial court rendered an emergency temporary order appointing the Department as "temporary sole

managing conservator of the children." The trial court set the dismissal date as June 16, 2014. On May 23, 2014, the trial court signed an order "[p]ursuant to § 263.403 of the Texas Family Code" resetting the dismissal date to November 19, 2014. In that order, the trial court found it was in the best interest of the children to retain jurisdiction of the suit. The trial court ordered the Department to place the children back with their father, to continue serving as the children's temporary managing conservator, and to continue monitoring the children's placement to ensure they remained in a safe environment. *See id.* § 263.403(a).

Following a subsequent permanency hearing, the trial court found Shelbee and the children's father had not demonstrated adequate and appropriate compliance with their service plans, and ordered the children be placed in foster care. The order "extended [the case] due to the breakdown of placement with [the children's father]." The trial court again reset the case's dismissal date to January 12, 2015. *See id.* § 263.403(c) (permitting the trial court to reset the dismissal date within 180 days of the children's removal from a parent under that subsection). The trial court commenced the trial on the merits on December 18, 2014.

Shelbee argues the trial court abused its discretion by not dismissing the suit as required by section 263.401. The Department responds that Shelbee's appeal fails because she does not challenge that the trial court properly retained the case by issuing orders under section 263.403. "When a separate and independent ground that supports a judgment is not challenged on appeal, the appellate court must affirm. If the rule were otherwise, an appellant could avoid the adverse effect of a separate and independent basis for the judgment by ignoring it and leaving it unchallenged." *San Antonio Press, Inc. v. Custom Bilt Mach.*, 852 S.W.2d 64, 65 (Tex. App.— San Antonio 1993, no writ). The plain language of section 263.403 permits a trial court to retain a case on its docket separate and independent of section 263.401. *See* § 263.403(a) ("*Notwithstanding Section 263.401, the court may retain jurisdiction* and not dismiss the suit or

render a final order as required by that section if the court renders a temporary order" regarding the monitored return of the children to a parent) (emphasis added); § 263.403(c) (providing that if children placed with a parent under § 263.403(a) must be removed, the court must schedule a new dismissal date within 180 days of the children's removal). Because Shelbee does not challenge the trial court's orders under section 263.403 and the trial was commenced prior to the dismissal date that the trial court set under section 263.403, we must affirm. *See San Antonio Press*, 852 S.W.2d at 65.

Luz Elena D. Chapa, Justice