

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00096-CV

———————————————

EX PARTE L.S.

———————————————

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. D372-E13644-17

———————————————

No. 02-18-00097-CV

———————————————

EX PARTE L.S.

———————————————

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. D213-E13641-17

———————————————

No. 02-18-00098-CV

_____

EX PARTE L.S.

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. D297-E13642-17

Before Gabriel, Kerr, and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

In these consolidated appeals arising from three district courts, L.S. appeals the trial court's judgments denying his petitions for expunction.[1] In his sole issue, L.S. contends only that the evidence establishes his entitlement to expunction of records under article 55.01 of the Texas Code of Criminal Procedure.[2] The trial court denied L.S.'s expunction petitions on the grounds that he "failed to allege and prove compliance with" article 55.01 and with article 55.02.[3] Because L.S. does not challenge the trial court's denial of his petitions on the ground that he failed to comply with article 55.02, we affirm the trial court's judgments.

**Background**

L.S. filed verified petitions for expunction of records relating to three drug-related offenses that he allegedly committed in 1988 and in 1989. Without pleading the dates that he was arrested for the three offenses, he alleged that he was entitled to expunction because the charges had been dismissed, they were no longer pending, and

---

[1]These appeals arise out of petitions filed in the 213th District Court, the 297th District Court, and the 372nd District Court. The presiding judge of the 213th District Court heard and ruled on all three petitions. We will refer to the 213th District Court as the trial court.

[2]*See* Tex. Code Crim. Proc. Ann. art. 55.01.

[3]*See id.* art. 55.02.

no court had placed him on community supervision.[4] He asked the trial court to order several agencies and entities to destroy the records related to the charges.

In each case, the State filed an answer that contained a general denial. The State further asserted that all of the charges for which L.S. was seeking expunction were dismissed because he was convicted and sentenced to eighty-five years' confinement in a fourth case.

The trial court held an evidentiary hearing.[5] The State argued that L.S. was not entitled to expunctions relating to the three dismissed charges because those charges were part of the same criminal episode as the fourth charge, of which he was convicted. The State also argued that L.S.'s expunction petitions were insufficient to invoke the trial court's jurisdiction because they did not list the dates that he was arrested on the three dismissed charges:

> [THE STATE]: . . . Your Honor, the pleadings themselves are defective because the [pleading] procedures . . . under [article] 55.02 are mandatory and jurisdictional for the court.
>
> The pleading[s] themselves fail to list an arrest date, which is mandatory and jurisdictional. There are no arrest dates . . . .

---

[4]*See id.* art. 55.01(a)(2).

[5]In May 2018, we received a letter from the court reporter of the 372nd District Court informing us that she did not have a record of the hearing. Perhaps based on that letter, the State argued in its brief that L.S. had failed to request a transcription of the evidentiary hearing and that there was no record of the hearing. Later, we learned that the court reporter of the 213th District Court had transcribed the hearing, and we received a record of the hearing. Because we have received a record of the hearing, we reject the State's argument that we should summarily affirm the trial court's judgments on the ground that the evidentiary hearing was not transcribed.

4

And there's some case law, and I can provide you with some cases that -- this mandatory list is listed. He must include it in a verified petition, the arrest date . . . .

The trial court admitted records relating to all four charges, and it also admitted the orders of dismissal for the three charges for which L.S. sought expunction. The orders stated that the reason for the dismissal of the three charges was that L.S. had been convicted in the fourth case.

Following the hearing, the trial court signed judgments denying L.S.'s petitions. The judgments recited that he had failed to comply with requirements for expunction under article 55.01 and article 55.02. L.S. brought these appeals.

## Failure to Challenge All Judgment Grounds

In one issue, in an argument spanning less than two pages, L.S. contends that the trial court abused its discretion by denying his petitions because he proved that the records were subject to expunction under article 55.01. In accordance with the State's argument in the trial court and the trial court's finding in its judgment, the State urges us to affirm the trial court's judgments because, in part, L.S. failed to comply with pleading requirements under article 55.02.[6] *See* Tex. Code Crim. Proc. Ann. art. 55.02, § 2(b) (stating that an expunction petition must be verified and must include certain information like the date of the petitioner's arrest or must provide an explanation for why such information is not included); *see also A.S. v. Tex. Dep't of Pub.*

___

[6]We note that L.S. did not cite article 55.02 in his brief and did not file a reply brief to address the State's argument under article 55.02.

*Safety*, No. 03-15-00331-CV, 2015 WL 9583882, at \*2–3 (Tex. App.—Austin Dec. 31, 2015, no pet.) (mem. op.) (holding that an expunction petitioner must strictly comply with article 55.02's pleading requirements and that a trial court was within its discretion to deny a petition because the petition "lacked essential information"); *Roberts v. Tex. Dep't of Pardons & Parole*, No. 01-09-01058-CV, 2011 WL 2435744, at \*3 (Tex. App.—Houston [1st Dist.] June 16, 2011, no pet.) (mem. op.) ("It was within the trial court's discretion to deny the expunction petition based on Roberts's failure to provide the information required by article 55.02, section 2(b)."). We conclude that we must affirm the trial court's judgments because L.S. has not challenged the trial court's denial of his petitions on the basis that he failed to comply with article 55.02.

We may not reverse a trial court's judgment without properly assigned error. *Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex. 1990). Thus, an appellant must challenge all grounds that fully support a complained-of judgment. *S.W. ex rel. A.W. v. Arlington ISD*, 435 S.W.3d 414, 419 (Tex. App.—Fort Worth 2014, no pet.). If an independent ground fully supports the complained-of ruling, but the appellant assigns no error to that ground, we must accept the validity of that unchallenged independent ground, and thus any error in the grounds challenged on appeal is harmless.[7] *Id.*; *San Antonio Press, Inc. v. Custom Bilt Mach.*, 852 S.W.2d 64, 65 (Tex. App.—San Antonio 1993, no

---

[7]Appellate courts have applied this rule in a variety of contexts. *See Gaskamp v. WSP USA, Inc.*, No. 01-18-00079-CV, 2018 WL 6695810, at \*8 & n.11 (Tex. App.—Houston [1st Dist.] Dec. 20, 2018, no pet. h.) (collecting cases).

writ) ("When a separate and independent ground that supports a judgment is not challenged on appeal, the appellate court must affirm."); *see also Lesher v. Doescher*, No. 02-12-00360-CV, 2013 WL 5593608, at *2–3 (Tex. App.—Fort Worth Oct. 10, 2013, pet. denied) (mem. op.) (applying the same rule upon reviewing a trial court's judgment notwithstanding a verdict and stating that we are "restricted to addressing the arguments actually raised, not those that might have been raised").

The trial court denied L.S.'s expunction petitions on the ground, in part, that he had failed to comply with article 55.02's requirements. L.S. does not challenge this basis for the trial court's judgments. Thus, we accept the validity of the unchallenged ground and overrule L.S.'s sole issue, in which he contests another, independent basis for the trial court's decision. *See S.W. ex rel. A.W.*, 435 S.W.3d at 419; *see also Florence v. Rollings*, No. 02-17-00313-CV, 2018 WL 4140458, at *5 (Tex. App.—Fort Worth Aug. 30, 2018, no pet.) (mem. op.) ("Because Florence did not attack all the independent grounds for the trial court's ruling, we must uphold it."); *Hackler v. N.D.*, No. 02-08-00397-CV, 2009 WL 2138945, at *4 (Tex. App.—Fort Worth July 16, 2009, no pet.) (mem. op.) (affirming a trial court's judgment because the judgment may have rested "properly or improperly" on an unchallenged ground).

## Conclusion

Having overruled L.S.'s only issue, we affirm the trial court's judgments.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: February 14, 2019