COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, AtLee and Athey
Argued by videoconference


PETSMART, INC. AND
 INDEMNITY INSURANCE COMPANY
 OF NORTH AMERICA
                                                MEMORANDUM OPINION* BY
v.      Record No. 0765-20-4              JUDGE CLIFFORD L. ATHEY, JR.
                                                   JANUARY 12, 2021
LORI MILES


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

William H. Schladt (GodwinTirocchi, LLC, on brief), for appellants.

Philip J. Geib (Philip J. Geib, P.C., on brief), for appellee.


PetSmart, Inc. and Indemnity Insurance Company of North America ("employer") assign

error to the decision of the Workers' Compensation Commission ("Commission") that Lori

Miles ("employee") is not subject to the limitations set out in Code § 65.2-605.l(F), thus

requiring the employer to pay the employee's health providers for services rendered to the

employee. However, the Commission announced an additional independent holding in the

alternative, which is sufficient to support its decision, to which the employer did not assign error.

Therefore, the employer has waived further appellate review of the Commission's decision, and

accordingly, we affirm the Commission.

## I. BACKGROUND

The employee sustained compensable injuries to her right shoulder and right upper

extremity on November 15, 2016. She subsequently filed a claim with the Commission on April

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

25, 2017, seeking a lifetime medical award and an order requiring the employer to pay for medical treatment related to her injuries either recommended by, or provided to, the employee by her orthopedist, Dr. Samuel Klein. The employee filed a second claim on August 19, 2017, related to the denial of recommended physical therapy.

A hearing on the issues was scheduled for November 16, 2017. On October 30, 2017, the Commission entered a 30-day order cancelling that hearing. However, since no written agreement resolving the claims was ever finalized, the claims were subsequently rescheduled for hearing on June 29, 2018. On June 22, 2018, the parties requested that the claims be resolved by stipulated order, which was subsequently entered by the Commission on July 6, 2018.

The stipulated order acknowledged the employer's responsibility for costs related to a surgery previously performed by Dr. Klein on January 23, 2018, and required the employer to pay for pre-operative diagnostic and radiological studies, pre-operative medical treatment, as well as reasonable and medically necessary post-operative treatment, including physical therapy. The order was also conditioned upon the "employer [withdrawing] their defenses to the present claims pending before the Virginia Workers' Compensation Commission."

On June 9, 2019, the employee filed another claim regarding medical expenses yet to be paid by the employer as a result of the accident, including unpaid expenses owed to Southern Physical Therapy in the amount of $885 and Chesapeake Regional Imaging Centers in the amount of $806. The employer did not dispute that the services provided at both Southern Physical Therapy and Chesapeake Regional Imaging Centers were reasonable, necessary, and causally related to the compensable accident, and both parties stipulated that the claims for these payments were filed more than a year after the employer's last payment was received by the medical providers.

The employer denied payment based on its contention that the claims were barred by the limitation period in Code § 65.2-605.l(F). The employer argued that the employee's claim was a *de facto* health care provider's claim filed more than one year after the last payment to the provider and therefore barred by the statute. In response, the employee relied, in part, on Code § 65.2-605.l(D), which states in pertinent part, that "[a]n employer's liability to a health care provider under this section shall not affect its liability to an employee."

Following a hearing held on November 18, 2019, the deputy commissioner found that the claims of the employee were not barred:

> Subsections D and F are consistent with each other. If the legislature wanted to limit claimant's ability to request payment of bills, they could have done so by omitting Subsection D and modifying Subsection F to limit the ability of health care providers and claimants to submit claims to the Commission after June 1, 2014. [Employer's] argument that the provisions of Va. Code § 65.2-605.1 "should apply equally to the medical providers and claimants regarding claims raised for payment of medical bills" is contrary to the plain language of the statute. . . . Accordingly, the claimant's claims for the underpayment of $885 to Southern Physical Therapy and $806 to Chesapeake Regional Imaging Centers are not barred by the statute of limitations set forth at Va. Code § 65.2-605.1 (F) and the [employers] are responsible for payment of the same.

(emphasis in original).

The employer appealed the deputy commissioner's finding to the full Commission, and in a June 4, 2020 split decision, later amended on June 17, 2020, the Commission upheld the previous finding by the deputy commissioner that the employee was not barred by the statute. The Commission also held that, in the alternative, even if Code § 65.2-605.1(F) applied to the employee, the claims would still be timely under subsection (F)(ii):

> [T]he claim was contested by the [employer]. The parties attempted to settle the claim long before they submitted an executed order. The length of time that elapsed and the multiple hearings scheduled, as well as the explicit statement that the

defendants withdrew their defenses in the Stipulated Order, established the claim was contested. The Commission did not approve the parties' Stipulated Order including a medical award to the claimant until July 6, 2018. Southern Physical Therapy and Chesapeake Regional Imaging Centers received partial payment before the date the award was entered. Their right to receive payment flowed from the July 6, 2018 Order. Accordingly, the two health care providers' claims would have been timely if filed directly by them within one year of the date the medical award became final. The [employee] filed her claim on June 9, 2019, within one year of the July 6, 2018 Order.

The employer appeals the Commission's decision to this Court.

## II. ANALYSIS

The employer presents a single assignment of error, which states: "The full Workers' Compensation Commission erred as a matter of law in finding that the one-year statute of limitations found in Virginia Code § 65.2-605.l did not apply to the medical providers bills for underpaid/unpaid medical expenses." The employer fails to assign error to the Commission's alternative holding that even if the employee is subject to the limitations in Code § 65.2-605.l(F), by virtue of being contested by the employer, the claims were validly filed within the limitations set forth under Code § 65.2-605.l(F)(ii). Because the employer failed to assign error to this alternative holding, the employer waived any claim of error with respect to that issue in this case.

This Court's jurisprudence is clear that "in 'situations in which there is one or more alternative holdings on an issue,' [an] appellant's 'failure to address one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue.'" Johnson v. Commonwealth, 45 Va. App. 113, 116 (2005) (quoting United States v. Hatchett, 245 F.3d 625, 644-45 (7th Cir. 2001)). "If we were to hold otherwise, 'an appellant could avoid the adverse effect of a separate and independent basis for the judgment by ignoring it and leaving it unchallenged.'" Id. at 116-17 (quoting San Antonio Press v. Custom Bilt Machinery, 852 S.W.2d 64, 65 (Tex. App. 1993)).

However, "we still must satisfy ourselves that the alternative holding is indeed one that (when properly applied to the facts of a given case) would legally constitute a freestanding basis in support of the [lower] court's decision." Id. at 117. In doing so, "we do not examine the underlying merits of the alternative holding-for that is the very thing being waived by the appellant as a result of his failure to raise the point on appeal." Id.

Code § 65.2-605.l(F) provides that:

> No health care provider shall submit a claim to the Commission contesting the sufficiency of payment for health care services rendered to a claimant after July 1, 2014, unless (i) such claim is filed within one year of the date the last payment is received by the health care provider pursuant to this section or (ii) if the employer denied or contested payment for any portion of the health care services, then, as to that service or portion thereof, such claim is filed within one year of the date of the medical award covering such date of service for a specific item or treatment in question becomes final.

Here, the Commission also held that, even if the employee was subject to the limitations under Code § 65.2-605.l(F), the claims were nonetheless timely filed pursuant to Code § 65.2-605.1(F)(ii) because the employer contested the claims and payment was requested within one year of the July 6, 2018 stipulated order finally adjudicating that contest. We agree that Code § 65.2-605.l(F), when properly applied, is an adequate basis for the Commission to reach its decision. As a result of the employer's waiver, we are not required to review the record to determine whether the Commission was correct in applying Code § 65.2-605.l(F) to the employee, nor whether the employer's contested payment became final within a year of the employee bringing her claim. See Johnson, 45 Va. App. at 117-18 ("We do not, however, review the record to determine whether the [lower] court properly applied the doctrine to the factual circumstances of this case. [Appellant] waived that issue by not raising it on appeal.").

## III.  CONCLUSION

For the foregoing reasons, we affirm the decision of the Commission.

<u>Affirmed.</u>