COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Chaney and Senior Judge Annunziata

MICHAEL S. GRAY

v.      Record No. 1638-22-3

J. DANIEL CULLERS,
 COMMISSIONER OF THE REVENUE

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 3, 2023

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Andrew S. Baugher, Judge

(Michael S. Gray, on brief), *pro se*. Appellant submitting on brief.

(Thomas H. Miller, Jr.; Sheila K. Paladino; Office of the County
Attorney for Rockingham County, on brief), for appellee. Appellee
submitting on brief.


Appellant, Michael S. Gray, proceeding *pro se*, appeals the circuit court's denial of his

petition for a writ of mandamus directed against J. Daniel Cullers, the Commissioner of the

Revenue for Rockingham County (Commissioner). Gray argues that in denying his petition and

granting the Commissioner's motion to dismiss, the circuit court erroneously failed to consider his

constitutional right under Article X, § 6(a)(8) of the Virginia Constitution. Gray further contends

that the Commissioner cited erroneous and misleading case law to the circuit court, causing the

court to err in dismissing his petition. Finally, Gray asserts that the Commissioner was in default

because his responsive pleading was untimely filed in the circuit court. For the reasons set forth

below, this Court affirms the circuit court's judgment.[1]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] The parties waived oral argument in this appeal. *See* Code § 17.1-403(ii).

BACKGROUND[2]

Gray is a veteran with a 100% service-connected, permanent and total disability. Under Article X, § 6(a)(8) of the Constitution of Virginia,[3] Gray is entitled to a tax exemption for one "motor vehicle." Va. Const. art. X, § 6(a)(8). In a letter dated July 30, 2022, the Commissioner sent a notice and exemption form to service-disabled veterans—including Gray—directing them to complete and return the accompanying tax exemption form[4] not later than September 1, 2022. The letter erroneously stated that if a veteran failed to return the exemption form by the September 1, 2022 deadline, he would lose the exemption for his vehicle.

---

[2] Consistent with settled appellate principles, this Court "view[s] the facts on appeal in the light most favorable to the prevailing party" in the circuit court. *Fitzgerald v. Loudoun Cnty. Sheriff's Off.*, 289 Va. 499, 505 (2015) (internal quotation marks omitted).

[3] Article X, § 6(a)(8) provides:

> Except as otherwise provided in this Constitution, the following property and no other shall be exempt from taxation, State and local, including inheritance taxes:
>
> . . . .
>
> (8) One motor vehicle owned and used primarily by or for a veteran of the armed forces of the United States or the Virginia National Guard who has been rated by the United States Department of Veterans Affairs or its successor agency pursuant to federal law with a one hundred percent service-connected, permanent, and total disability. For purposes of this subdivision, the term "motor vehicle" shall include only automobiles and pickup trucks. Any such motor vehicle owned by a married person may qualify if either spouse is a veteran who is one hundred percent disabled pursuant to this subdivision. This exemption shall be applicable on the date the motor vehicle is acquired or the effective date of this subdivision, whichever is later, but shall not be applicable for any period of time prior to the effective date.

[4] The exemption form was not presented to the trial court and is not part of the record before this Court. Nevertheless, both parties submitted to the trial court, without objection, true and authentic copies of the letter accompanying and explaining the exemption form.

On August 17, 2022, Gray filed a petition for a writ of mandamus, asking the circuit court to direct the Commissioner to: "no longer ask Disabled Veterans, to ask for their constitutional right, . . . [a]nd to Cease the accusation or insinuate, that we are not honorable people, and the threats," reimburse Gray for his court costs, "update his web page," and "allow personal property tax exemption to be rolled over from year to year until that veteran disposes of that property."

The Commissioner, by counsel, moved to dismiss the petition. The Commissioner acknowledged that the challenged correspondence contained an erroneous and "in-artfully worded sentence, to wit, '[f]ailure to complete and return the form will result in a loss of the exemption for the 2022 tax year.'" The Commissioner noted that this erroneous, inartful choice of words did not represent an intention to revoke or hinder any veteran's tax exemption. Counsel for the Commissioner proffered that the letter for the 2023 tax year had been modified to correct the error and clarify the Commissioner's intent to "continue to treat the vehicle to which the exemption was previously attached as the exempt vehicle until the taxpayer informs the Commissioner otherwise." Further, "[t]he accounts of taxpayers who returned the form will be handled as directed by the taxpayer on that returned form. Accounts of taxpayers who did not return the form will be left as they were; as was always intended and as will be better stated in next year's letter." The Commissioner concluded that the dispute was "resolved" in that neither Gray nor any other eligible veteran had suffered any negative consequences and the letter for the following tax year had been corrected.

In Gray's reply in opposition to the Commissioner's motion to dismiss, Gray argued that the revised letter was insufficient because it "threat[ened]" veterans by setting a deadline for their response and "insult[ed]" them by defining "automobile." Gray also noted that the corrected letter did not resolve the matter because it was merely a draft with no legal status that the Commissioner could withdraw.

The circuit court held a hearing on the Commissioner's motion to dismiss on October 5, 2022. Subsequently, the circuit court issued a letter opinion granting the Commissioner's motion. The court found that Gray lacked standing to press his claim given his concession at the hearing that neither he nor any other eligible veteran had lost or would lose the tax exemption. In addition, the circuit court found that the enabling legislation for the constitutional amendment granting the exemption permitted "[a]ny locality [to] establish procedures for a veteran to apply for the exemption and may enact any ordinance necessary for administration of the exemption." Code § 58.1-3668(B). Thus, Gray had failed to allege "the existence of a specific right to be enforced" or that the Commissioner was "not performing a specific duty required of [him]." Moreover, the circuit court found that Gray had an adequate remedy at law under Code §§ 58.1-3668(D) and -3980 to seek a correction of any erroneous assessment. In those circumstances, the circuit court held, "mandamus does not lie."

The circuit court entered final judgment dismissing and denying Gray's petition on October 18, 2022. Gray noted the following objections to the final order[5]:

> The Judge Baugher errored when he misapplied the law and
> misunderstood a key piece of evidence. Ignoring the 2022 letter
> and based all his decisions on the re-drafted 2023 letter that was
> filed with the court 24 days after the complaint was filed. Ignoring
> rules of the courts and ignored my statement that I could not hear.

Gray timely appealed the circuit court's judgment.

## ANALYSIS

"Circuit courts have the jurisdiction to issue a writ of mandamus in any case where it is 'necessary to prevent the failure of justice and in which mandamus may issue according to the principles of common law.'" *Cartwright v. Commonwealth Transp. Comm'r*, 270 Va. 58, 63

---

[5] We state Gray's objections verbatim because the record on appeal does not contain a transcript, but includes only competing statements of fact in lieu of a transcript, neither of which records the objections, if any, stated during the October 5, 2022 hearing.

(2005) (quoting Code § 17.1-513). This Court reviews a circuit court's grant or denial of a petition for writ of mandamus de novo. *City of Hampton v. Williamson*, ___ Va. ___, ___ (June 8, 2023).

"Mandamus is an extraordinary remedy employed to compel a public official to perform a purely ministerial duty imposed upon him by law." *Id.* at ___ (quoting *Richlands Med. Ass'n v. Commonwealth*, 230 Va. 384, 386 (1985)). "The use of the remedy is limited. It is not awarded as a matter of right but only in the exercise of a sound judicial discretion. It is not awarded in a doubtful case." *Umstattd v. Centex Homes*, 274 Va. 541, 545 (2007). "A writ of mandamus may be issued only when there is a clear right to the relief sought, a legal duty to perform the requested act, *and* no adequate remedy at law." *Ancient Art Tattoo Studio v. City of Va. Beach*, 263 Va. 593, 597 (2002) (emphasis added).

### I. Gray's arguments are waived because he did not assign error to the circuit court's alternate rulings.

Although Gray challenges the circuit court's failure to rule on his constitutional claim, he failed to assign error to the circuit court's holdings that he lacked standing and had an adequate remedy at law. Thus, his claim on appeal challenging only the circuit court's failure to rule on his constitutional claim is waived.

"It is well-settled that a party who challenges the ruling of a lower court must on appeal assign error to *each* articulated basis for that ruling." *Manchester Oaks Homeowners Ass'n v. Batt*, 284 Va. 409, 421 (2012) (emphasis added). *See also Sidya v. World Telecom Exch. Commc'ns, LLC*, 301 Va. 31, 45 (2022) (affirming based on the trial court's unchallenged alternative ruling and declining to address the challenged ruling); *Parker-Smith v. Sto Corp.*, 262 Va. 432, 441 (2001) (noting the court's inability to consider argument where appellant did not assign error to the circuit court's independent basis for dismissing her claim). "[I]n 'situations in which there is one or more alternative holdings on an issue,' the appellant's 'failure to address

one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue.'" *Johnson v. Commonwealth*, 45 Va. App. 113, 116 (2005) (quoting *United States v. Hatchett*, 245 F.3d 625, 644-45 (7th Cir. 2001)). As this Court explained in Johnson, "[i]f we were to hold otherwise, 'an appellant could avoid the adverse effect of a separate and independent basis for the judgment by ignoring it and leaving it unchallenged.'" *Id.* at 116-17 (quoting *San Antonio Press v. Custom Bilt Mach.*, 852 S.W.2d 64, 65 (Tex. App. 1993)). "That said, we still must satisfy ourselves that the alternative holding is indeed one that (when properly applied to the facts of a given case) would legally constitute a freestanding basis in support of the trial court's decision." *Id.* at 117. "But, in making that decision, we do not examine the underlying merits of the alternative holding—for that is the very thing being waived by the appellant as a result of his failure to raise the point on appeal." *Id.*

This Court concludes that the circuit court's holding that mandamus did not lie because Gray had an adequate remedy at law under Code §§ 58.1-3668(D) and -3980 "serves as an adequate and independent legal basis for denying" Gray's petition for a writ of mandamus. *Johnson*, 45 Va. App. at 117. "The requirement that a litigant who seeks the issuance of a writ of mandamus must have no adequate remedy at law is deeply imbedded in the jurisprudence of this Commonwealth." *Hertz v. Times-World Corp.*, 259 Va. 599, 608 (2000). Indeed, "[o]ne of the fundamental principles underlying the entire jurisdiction is that mandamus never lies where the party aggrieved has another adequate remedy at law, by action or otherwise." *Id.* (quoting *Hall v. Stuart*, 198 Va. 315, 324 (1956)) (vacating writs of mandamus where newspapers had adequate remedy at law); *Gannon v. State Corp. Comm'n*, 243 Va. 480, 483 (1992) (dismissing mandamus petition because petitioner was "required to avail himself of his 'specific and adequate remedy' under the [State Corporation] Commission's Rules before seeking a writ of mandamus"). We do not, however, review the record, or the statutes upon which the circuit

court relied, to determine whether the remedy was adequate in this case because Gray waived that issue by not raising it on appeal.

## II. Gray's challenge to the Commissioner's authorities and the circuit court's reliance on them is waived.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. To determine whether a litigant has satisfied Rule 5A:18, we focus on "whether the trial court had the opportunity to rule intelligently on the issue." *Hawkins v. Town of South Hill*, 301 Va. 416, 433 (2022) (quoting *Scialdone v. Commonwealth*, 279 Va. 422, 437 (2010)).

The record before this Court does not reflect that Gray raised a timely objection to the authorities the Commissioner argued at the hearing. "Procedural-default principles require that the argument asserted on appeal be the same as the contemporaneous argument at trial." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both *specific* and *timely* — so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). Although there are exceptions to Rule 5A:18, Gray has not invoked them and we do not do so sua sponte. *Spanos v. Taylor*, 76 Va. App. 810, 827 (2023). Thus, we cannot consider this argument on appeal.

## III. Gray waived his challenge to the timeliness of the Commissioner's response.

The record indicates that Gray did not argue to the circuit court that the Commissioner was in default under Rule 3:19. Rather, he raised the point for the first time in his statement of facts in lieu of a transcript under Rule 5A:8(c); he did not seek or receive a ruling from the circuit court. Thus, Rule 5A:18 bars our consideration of this claim and Gray has not invoked

any exception to the Rule. Consequently, we cannot consider this argument. *Spanos*, 76

Va. App. at 827.

CONCLUSION

For the foregoing reasons, this Court affirms the circuit court's judgment.

*Affirmed.*