# COURT OF APPEALS OF VIRGINIA

**Record No. 1684-24-4**

DIANA CHADWICK, A/K/A
DIANE CHADWICK
v.
BRIAN WILLIAM HICKERSON, ET AL.

Present: Judges Friedman, Chaney and Duffan

Opinion Issued May 19, 2026[*]

**FROM THE CIRCUIT COURT OF FAIRFAX COUNTY**
Christie A. Leary, Judge

(Daniel A. Harvill; Daniel A. Harvill, PLLC, on briefs), for appellant.

(Joseph W. Thelin; von Keller Thelin Williams, PC, on brief), for appellee Brian William Hickerson.

(Joseph W. Stuart, on brief), for appellees Valerie B. Geiger and Cary Z. Cucinelli, Administrators C.T.A. of the Estate of Nelson Donald Hickerson.

**MEMORANDUM OPINION BY**
**JUDGE KEVIN M. DUFFAN**

Diane Chadwick appeals the circuit court's judgment determining the beneficiaries of the last will and testament of Nelson Donald Hickerson (decedent). Although Chadwick argues that the circuit court erred by not finding that all gifts in the will failed, erred in failing to find that the decedent's will left the entire estate to his son, and challenges the court's evidentiary ruling barring extrinsic evidence, we do not reach those assignments of error because Chadwick did not

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

assign error to the circuit court's standing decision. As Chadwick failed to assign error to every independent legal basis for the circuit court's judgment, we affirm.[1]

## BACKGROUND

In 1982, Nelson Donald Hickerson, the decedent, executed a typewritten last will and testament. In article three of his will, he intentionally omitted his daughter, Chadwick, from his estate.[2] Article four gifted one-half of his estate to his son, Donald Nelson Hickerson, II, and one-fourth of his estate each to his sister, Patricia Hickerson, and his mother, Louise Elizabeth Weakley—if they survived the decedent. If one or more of these heirs did not survive decedent, article seven of the will gifted each non-surviving heir's shares to his "brothers, James L. Hickerson, D.B. Hickerson and B.W. Hickerson, in equal amounts . . . or their issue, per stirpes."

In 1998, decedent appears to have made several handwritten changes to his will. In article four, for example, he struck the words "sister and mother" and initialed and dated the change. Also in article four, he struck the words "Patricia Hickerson – One-Fourth Share" and "Louise Elizabeth Weakley – One-Fourth Share." Decedent initialed and dated those changes, and he wrote the words "VOID" to the right of each change. In article seven, decedent struck the words "James L. Hickerson, D.B. Hickerson and B.W. Hickerson" but left the word "brothers" preceding them. He wrote the word "VOID" to the right and initialed and dated the change. Decedent's brothers and son predeceased him.

Decedent died in January 2022, and in June 2022 the Clerk of the Fairfax County Circuit Court admitted his will to probate and appointed Cary Cucinelli and Valerie Geiger as co-administrators for the estate. In August 2023, the administrators filed a petition for aid and

---

[1] Having examined the briefs and record here, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." *See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

[2] Chadwick was formerly known as Diane Lynn Hickerson.

direction in distributing the estate under decedent's will, serving by mail a copy of the petition on Chadwick, decedent's nephew Brian Hickerson, and others. Brian Hickerson filed an answer, asking the court to find that decedent's nieces and nephews were the beneficiaries of decedent's estate. Chadwick also filed a response, contending that decedent had executed a more recent will. She also contended that all gifts failed in decedent's will and that the estate should pass by intestate succession.

In July 2024, the circuit court held a hearing on the administrators' petition. The administrators and Brian Hickerson argued that Chadwick lacked standing to challenge the will. The court admitted into evidence without objection the order admitting decedent's will to probate, as well as the will. David Hittle, a friend of decedent and his son, described the circumstances under which he found decedent's will in decedent's son's safe deposit box,[3] and he confirmed that decedent's son had predeceased him. Decedent had told Hittle that he left everything to his son because he wanted to take care of him for the rest of his life. Brian Hickerson confirmed that decedent's brothers had predeceased him, and he identified the children of decedent's brothers, one of whom had predeceased decedent, leaving two surviving children. Chadwick claimed that in 2018 or 2019 she took decedent to his safe deposit box jointly owned by him and his son, and it was empty. She confirmed that she was appointed guardian for decedent in January 2020, and the guardianship appointment was admitted into evidence. She claimed she had access to decedent's important papers and that his will was not among them.

---

[3] Chadwick described decedent's son as having only one safe deposit box, jointly owned with decedent.

Following closing arguments, the circuit court rejected Chadwick's arguments that either decedent intended to void the entire will or to leave everything to his son, who predeceased him, either of which would result in the estate passing by intestate succession.

The circuit court first determined that Chadwick lacked standing to challenge decedent's will. The circuit court noted that Chadwick was specifically excluded from the will and had failed to file an action to challenge the probated will. The circuit court added that Chadwick's arguments were "tantamount to an attempt to back door [a] challenge to the [w]ill accepted by probate well outside the time period that was available to mount such a challenge."

The circuit court then determined that even if Chadwick had standing, her arguments were "not supported by the nature of the markings on the probated [w]ill in this case nor applicable law." The circuit court found that the will was in decedent's continuous custody and found among his effects at death. It also found that decedent's markings on the will were unambiguous and cancelled and revoked his mother, sister, and brothers' names. The court noted that despite the cancellations, the will was still complete. It explained that decedent's son had predeceased him, and it determined that under decedent's will, the estate passed to decedent's brothers' surviving children and the surviving children of Daniel Benton Hickerson's deceased daughter.

The circuit court delivered its findings on the bench and then reiterated its findings in a written order. In both instances, the circuit court began by noting that Chadwick lacked standing.

On appeal, Chadwick challenges the circuit court's finding that the will was complete and enforceable. She also assigns error to the circuit court's rulings excluding extrinsic evidence. But she has not assigned error to the circuit court's ruling that she lacked standing to challenge the will. Instead, Chadwick's sole standing argument is in her reply brief. There, she argues that

the circuit court's standing decision was dictum because she "did not challenge the [w]ill," she merely sought its interpretation.

ANALYSIS

"It is well-settled that a party who challenges the ruling of a lower court must on appeal assign error to each articulated basis for that ruling." *Ferguson v. Stokes*, 287 Va. 446, 452 (2014) (quoting *Manchester Oaks Homeowners Ass'n v. Batt*, 284 Va. 409, 421 (2012)). Accordingly, if there are alternative holdings on an issue, "the appellant's 'failure to address one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue.'" *Johnson v. Commonwealth*, 45 Va. App. 113, 116 (2005) (quoting *United States v. Hatchett*, 245 F.3d 625, 644-45 (7th Cir. 2001)). Otherwise, a dissatisfied appellant could "avoid the adverse effect of a separate and independent basis for the judgment by ignoring it and leaving it unchallenged." *Id.* at 116-17 (quoting *San Antonio Press v. Custom Bilt Mach.*, 852 S.W.2d 64, 65 (Tex. App. 1993)).

That an appellant failed to appeal every alternative holding does not end our analysis. *Ferguson*, 287 Va. at 452. Rather, when an appellant does not assign error to every alternative holding, our sole inquiry is to determine whether the omitted "alternative holding is indeed one that (when properly applied to the facts of a given case) would legally constitute a freestanding basis in support of the [lower] court's decision." *Id.* at 452-53 (alteration in original) (quoting *Manchester Oaks*, 284 Va. at 422). Consequently, "we do not examine the underlying merits of the alternative holding—for that is the very thing" the appellant waives by failing to raise the point on appeal. *Id.* at 453 (quoting *Manchester* Oaks, 284 Va. at 422).

In this case, the circuit court articulated two alternative holdings: (1) that Chadwick lacked standing to challenge the distributive provisions of the will, and (2) that even if she had standing, her arguments were not supported by the handwritten changes to the will and

applicable law. Chadwick's appeal challenges the latter, but not the former. The question before us, then, is whether standing constitutes a freestanding basis that supports the circuit court's judgment. It does. The circuit court's standing holding was an "adequate and independent legal basis" for rejecting Chadwick's arguments, *Johnson*, 45 Va. App. at 117, because standing "is a dispositive issue on appeal; if a party lacks standing, [we] will not consider the merits of the case," *Virginian-Pilot Media Cos., LLC v. Dow Jones & Co.*, 280 Va. 464, 471 (2010). We do not examine the merits of whether Chadwick had standing because Chadwick waived that issue by not assigning error to it on appeal. *See Johnson*, 45 Va. App. at 117.

This remains true even though Chadwick raises standing in her reply brief, because her standing argument comes too late. By waiting until her reply brief to challenge the merits of the circuit court's standing decision, she waived the argument. *See Pollack v. Va. State Bar ex rel. Seventh Dist. Comm.*, No. 250150, slip op. at 13 (Va. Oct. 16, 2025) (noting that arguments made in a reply brief for the first time are waived). Moreover, Chadwick's contention that the circuit court's standing decision was merely dictum ignores the circuit court's explicit ruling articulated both from the bench and in the final order: that Chadwick lacked standing.

Accordingly, the circuit court's standing holding "forms a separate and independent basis to affirm the [trial] court's ruling and we will not reverse it." *Ferguson*, 287 Va. at 453.

CONCLUSION

Chadwick did not assign error to the circuit court's alternative and independent ruling that she lacked standing, so she has waived her arguments on appeal. *Johnson*, 45 Va. App. at 117-18. For these reasons, the circuit court's judgment is affirmed.

*Affirmed.*